OPINION ⅞ the Court, by
Judge Owsxey.
Iley-’’bids caused to be issued from a justice of the peace a warrant for a forcible entry against Brumfield. A jury was accordingly summoned, and upon the inquest being ta^eH they found Brumfield guilty of the forcible entry complained of, &c. Brumfield traversed the inquest of the jury, and brought the cause before the circuit court; anj Upon a trial being had there, judgment of restitution was awarded in favor of Reynolds. From that judg-ment Brumfield has appealed to this court.
T'16 sufficiency of the inquisition taken by the justice, ¡s questioned by the assignment of errors, because it does not from thence appear that the premises were de-tained by Brumfield. Bat as the warrant is for aforci-^fo eil^rlh and the inquest by finding the forcible entry, conforms literally with the requisitions of the act of as-sembly under which the proceedings were had, we deem ⅛ unnecessary further to notice the objection, but will confine our inquiries to the other points made in the cause. Those points grow out of opinions given by the (:05|1.⅛ below, and which are contained in bills of excen- . .. , . , . ,, , , 1 toons taken on the trial m that court,
It appears from the evidence that Reynolds had clcar-c<^ a!|J enclosed by a fence the field and built the house in contest, and settled a tenant therein ; that before the expiration of his tenant’s term, he purchased of him the residue of the term; and after the tenant removed from f'lc premises, he (Reynolds) permitted the house to re-main unoccupied ; and in that situation, when no crop was growing in the field, Brumfield, without; any actual force, and while part of the fence was down, but without the assent of Reynolds, entered upon and took posses-sion of the house, but that the fence had been taken down for the purpose of being removed and connected with a new fence, the worm of which had been laid by Reynolds, and which he was about to erect: and it moreover appeared in evidence that Reynolds resided and had continued to reside for about twenty years within a quarter of a mile of the house in contest, and claimed the land under two claims, one of which Covered the whole, and the other part of the field, but the legal title to neither of which was produced to the court. It also appeared that Brumfield, when he entered, had title.
*389 After this evidence was introduced, Brumfield moved the court to instruct the jury that if the house was vacant and open, and the fence down and no crop growing when he entered, and that he entered without forefe and violence, and took possession according to his title, that by law their verdict should be in his favor; but the court refused to give the instructions,, and upon the motion of Reynolds instructed the jury that if they found from the evidence that Reynolds was in fact possessed of the premises at the time Brumfield entered, and that the entry was made against the will and without the assent of Reynolds, they ought to find Brumfield guilty of the forcible entry.
The motion of Brumfield for instructions must have been predicated upon the hypothesis that Reynolds could not be actually possessed of the premises without a crop growing upon the land, unless some person resided in the house, or the field was enclosed by a fence : for if by any other means he could be possessed, it was clearly improper to make the finding of the jury in favor of Brumfield depend upon either a residence in the house, or an enclosure of the field. That Reynolds might be possessed by other means, we apprehend there can be no doubt: for if after his tenant left the house, he continued to exercise an ownership over the premises, by acts such as indicated an intention not to abandon, but to hold the exclusive possession to himself, he cannot be supposed to have been divested of the possession ; and as the evidence in the cause is of that character from which the jury might reasonably have inferred the continuance of such a possession, the decisions of the court, both in overruling the motion of Brumfield and giving the instructions asked by Reynolds, were correct.
With respect to the title of Brumfield, it need only be remarked, that if we are correct in supposing the evidence conduced to prove a possession in Reynolds, the bare entry upon that possession, whether with or without title,(a) if without the assent of Reynolds, is in contemplation of law a forcible entry, and for which Reynolds is entitled to restitution,
Judgment affirmed.

 Smith vs. Dedman, ante 192.