*424 OPINION of the Court, by
Judge Owsley.'
This is an ejectment, brought by Savary to recover the posses* s',m a tract of land claimed by him under a patent which issued from the commonwealth of Virginia to Benjamin Vfynkoep.
jn making out Savary’s title, it became necessary to l-ri!VC the death of a certain Herman Joseph Lambert; and for that purpose. he introduced a copy from the rccords ⅛ the register’s office at Philadelphia, of the last " "1 a!5^ testament of said Lambert, ami probate t.here-of, attested by the register, together with the seal ofof-See thcrwmto affixed..
The admission of this recertf as evidence was opposed hy the counsel of Ewing, on the ground that it was not regularly authenticated ; but the objection was overrttl-Cík a!,t* the 5‘eeord used : and the question now presented fyi“ the determination of this court is, should the record have been rejected ?
>jS the evidence does not purport to be a record ap-j)ei.tajn;ng ⅛ a V(ntvt, it is clear the authentication should not conform to the art of congress of 1T90. It is however the record of a public office of-the state of Penn-Syjvanja> a!K{ as sv!c]1 comes literally within the act of 1804 ; and according to that act the eonrt rlearly erred in permitting it to go in evidence to the jury,
' ^'‘IC ívttc’Ktatioti of the register, togethei* with the seal of his office thereunto annexed, was by the act just men-ticned not cnly necessary, but to make the record evi- *425 denfe in any other state the certificate of the presiding justice of thf court of the county or district in which the register’s office is kept,-or of the governor or secretary of state, the chancellor or the keeper of the great seal of the state, that'the attestation of the register is in due form and by the proper officer ; and the certificate, if giveii by the presiding justice of the court, should be further authenticated by the clerk or prothonotary of the said court, certifying under his hand and seal of office that the presiding justice is duly commissioned and qualified ; or if the certificate be given by the governor, the secretary of state, the chancellor, or keeper of the great seal, it should be made under the gr ;at seal Of the state in which the certificate is made.
bold» there I» a pofltffion ⅛ ⅛"™ ‘The ufe, nor «,. ■ c re-unless L na* poffcirun
⅛ '^a ¡ndiiper.t b e ⅛:na pu p fe nopérfon héia! ⅛⅜ sdveriei,, *£*' * fu8iil--of. feffion .. rak.ré .««rfei., ine lK'!m glVf‘‘ bf i, n*w enable» the p^n ee to haTb^ allied right ot entry, no-.iie.»b!e,& ⅛⅜',*'?/ ⅛|⅛„'hewP°ae ⅛< date of the íeeil th‘ bar* ^¡Tany^titif, but tor »u the ian» included in at * that1* &time hejd adveneiv, the title pafled by the deed.
*425 The record, therefore, as it was not properly authenticated, should not have been permitted-to go in evidence to the jury; and the judgment rendered in favor ofSa-vary must consequently be reversed : but as there was an objection to the title of Savary taken on the former trial, and it may again occur, we will proceed now to notice it.
It was proven that Ewing, the ancestor of the appellants, at the date of the deed to Savary, was'residing upon the land in contest: and hence it is objected Savary can have gained no title under the deed.
A i the conveyance was made prior to 1798. it can derive no aid from the act of the legislature of this country ofthat year concerning champerty and maintenance; but its validity must be tested by the laws in force at its date. By those laws land might tfegn be alienated by a deed of bargain and sale ; but as such conveyance operated, under the statute usually denominated the statute of uses, by transferring the possession to tire use, it is essential the bargainor should be possessed of the land designed to be conveyed.
Unless there is a possession, it cannot b¡e transferred to thé use ; nor can a bargainor, according to the set-tied doctrine of the law, create an nse in the.bargamee, unless he has a possession to feed-or serve it. -
A possession in fact is not, however, indispensable for that purpose. The patent of the commonwealth, where there is no person holding adversely, does, We appre-liend, give a sufficient seisin,
But whenever the possession is taken by another, and held adversely to the patentee, the seisin given by the *426 patent can no longer enable the patentee to raise an use : there the patentee cannot be said to have a possession out of which an use can be served ; he can have no possession to he transferred to an use : he has then hut a naiie(} right of entry; a right not alienable when tfte deed to Savary was made ; and if Ewing was so possessed at that time, to the extent of thatpossession Savary cannot have gained any title under his deed from Van-uxen.
It mast, however, be recollected, that it is to the extent only of Ewing’s possession, which he may have held adversely at thp.ilate of the deed, that Vanuxen, in consequence thereof, can have been restrained from conveying to Savary; and for so much as may be included in the deed to Savary, and not at that time held adversely by Ewing, the title may hav e passed by the deed.
The judgment, must be reversed, the cause remanded to the court below, and a new trial had not inconsistent with this opinion. The appellants must recover their costs in this court.