May Term,
1828.

Evill *v.* Conwell.

*A.* removed from a house and lot, leaving a few articles in the house and on the lot; and fastening the door. In the night of the second day afterwards—the door being proved to have been still fast on the evening of that day—*B.* entered into the house and put a tenant in possession, directing him to prevent every person, and *A.* particularly, from taking possession, and threatening to beat and prosecute any one who should enter on the premises. There was no direct proof, however, that *B.* broke open the door. On the complaint of *A.* against *B.* for a forcible entry and detainer, *held*, that the evidence would justify a finding against the defendant as to the forcible entry; and that it was clear against him as to the forcible detainer, which, under the statute, entitled the plaintiff to restitution.

ERROR to the *Dearborn* Circuit Court.

Scott, J.—*Luke Evill* brought an action of forcible entry and detainer against *Elias Conwell*, before two justices of the peace of *Dearborn* county, and had a verdict and judgment in his favour; from which *Conwell* appealed to the *Dearborn* Circuit Court. The appeal, by consent of parties, was tried by the Circuit Court, without the intervention of a jury; and on that trial the judgment of the Court was in favour of *Conwell.* To reverse that judgment is the object of the present writ of error.

The testimony, as set out in a bill of exceptions, is in substance as follows: On the premises in controversy there was a dwelling house and garden, enclosed with a fence. On a Friday in March, 1825, *Evill*, the plaintiff in error, left the premises and moved his family and furniture into a house in the town of *Aurora*, leaving in the house some sash and a work bench, and on the premises a quantity of brick, lime, some garden stuff, and a cow. The doors of the dwelling house were shut and fastened with latches, and the latches secured with nails over them. In this situation the premises were seen on the *Sunday* evening after the plaintiff left them. On that night, after dark, and after the witness had undressed for bed, he was called upon by the defendant to go with him to take possession of the premises; and, on *Conwell's* agreeing to see him harmless, the witness took his wife and bed and went to the house and found the outer door open, by which they entered; and *Conwell* delivered possession to the witness and gave him a lease for three years,

Wednesday,
May 7.

HARVARD
LAW SCHOOL
LIBRARY

EVILL
v.
CONWELL.

with instructions not to permit *Evill*, or any other person, to take possession of the place; and the witness has ever since that time occupied the premises as tenant under *Conwell*. A day or two afterwards, persons sent by the plaintiff's directions were turned away by the tenant. One witness stated, that, while hunting his cattle for the purpose of hauling away the lime, at the plaintiff's request, from the said premises, and before he came to or near the place, he was met by *Conwell*, who, being informed of his design, forbade his going on the premises, and threatened to beat and prosecute any person who should go upon them; in consequence of which threatening the witness desisted. It was not proved that *Conwell* was ever afterwards on the premises.

In this case, the only doubtful point seems to be whether *Conwell*, in taking possession, made use of such force as to lay him liable to this action. There is nothing in the testimony before us amounting to positive proof that *Conwell*, in making his entry, used any actual violence. But we think the facts of his taking possession in the dead of night, and entering a house which was, in the evening, secured by having a nail over the latch; his directions to his agent to prevent all persons, and the plaintiff in particular, from getting possession; and his maintaining that possession with threats of personal violence; were, all taken together, sufficient to justify the Circuit Court in finding a forcible entry. But even if his entry by stealth, under the shade of night, was without force, our statute gives this remedy where the entry may have been peaceable, but the possession maintained with force and strong hand. The testimony, in this case, leaves no doubt of *Conwell's* maintaining his possession with threats and strong hand: his agent on the premises actually turned away persons who were sent there by *Evill;* and he himself threatened to beat any person who should go upon the land. For this reason we think the plaintiff was entitled to restitution (1).

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*Dunn*, for the plaintiff.

*Stevens* and *Lane*, for the defendant.

(1) R. C. 1824, p. 212.—R. C. 1831, p. 265.