TtjRLEY, J.
delivered the opinion of the court.
There are some trivial objections taken to the proceedings before the justices, which being merely as to matter of form, are not scarcely pressed, and need not occupy the attention of the court. The two points demanding the consideration of the court, are, 1. Were the defendants in error ever actually in possession of the premises in dispute. 2. Was that possession ousted by the forcible entry and detainer of the plaintiff in error.
The writ of forcible entry and detainer is given in order to preserve the peace and harmony of society, by preventing persons who have conflicting titles to the same lands, from taking redress of their wrongs into their own hands. It is therefore expressly provided, that title shall never be inquired into in this mode of proceeding, the only question being, who was in possession, and how that possession was lost? If it were otherwise, serious would be the consequences to society; for when the title to land is to be disputed, the possession is a matter of great importance, and if it were left to be struggled for between the parties by force and violence, the peace of the community would not only be destroyed, but in very many instances bloodshed would be the consequence. Therefore, it has boon deimruned, litas un inaMai bow perfecta man’s ti- *96 tie may be, if he enter upon the possession of another, who no title whatever by violence, he cannot protect himself against the operation of a writ of forcible entry and detainer. Even a landlord, after the expiration of the lease, cannot enter upon the possession of his tenant. 3 Marshall’s Rep. 345. What then constitutes an actual possession ? In the cases of Brumfield vs. Reynolds, 4 Bibb 388; Henry vs. Clark 4 Bibb 426; Chiles vs. Clark, 3 Marshall 347, it is said, “a person may be in possession of land without having a crop growing on it;” “or a person residing in the house, or the field inclosed by a fence, or any act done by the owner of the land after his tenant has left it, indicating an intention not to abandon, but to hold possession to himself, will continue the possession in him.”
In this case, defendants in error claimed title to the land; the tenant was about to give up possession; his landlord (the vendee of defendants) had been notified thereof, and requested to resume the same, which he declined doing, no doubt because of his bill for the recision of his contract. Defendants, to protect their rights, take possession by locking the doors of the house, closing the windows, and driving a portion of stock upon the premises. These acts are clearly evidence of an actual possession, according to the authorities above quoted, and from which the jury were well authorized in finding a possession in the defendants. It was a question of fact for their determination, and was by the charge of the court left to them. We are satisfied they found it correctly. Then the defendants having been in possession, the next inquiry is, was that possession ousted by the forcible entry of the plaintiff. This is also a question of fact, which, by the charge of the court was left to the jury, and found by them in favor of the defendants in error, as we think correctly. The proof shows, that the house was locked and the windows closed; that the plaintiff applied to the agent of the defendants and demanded possession, which was refused. How did he get it? The inference is irresistible — by breaking the doors, windows, or some other part of the house. A forcibly entry, within the very words of our act of 1821, c. 14, § 1.
There being then a possession by the defendants in error, *97 and a forcible entry by the plaintiff in error, the judgment the court below was correct. Let it be affirmed.
Judgment affirmed. °