SPALDING, Plaintiff in Error, v. MAYHALL *et al.*, Defendants in Error.

1. The term disseizin, as used in the third section of the act concerning forcible entry and detainer (R. C. 1855, p. 787), has not a technical meaning; it applies to any entry, which is wrongful and without force, upon the actual possession of another.
2. In an action of unlawful detainer the merits of the title can in nowise be inquired into; it is immaterial whether the intruder is a naked trespasser or enters under a paramount title; the purchaser at a sheriff's sale under an execution is put to his ejectment if the defendant refuse to yield possession.
3. After a jury has returned a special verdict, the court should not resubmit the cause to them for a general verdict with instructions.

*Error to Ralls Circuit Court.*

This was an action of unlawful entry and detainer to recover possession of certain premises in the town of New London. On the trial in the circuit court, the jury, under the instruction of the court, found a special verdict, of which the following is the substance: That plaintiff erected the house on the premises in controversy and occupied the same up to September 17, 1855; that said premises had been purchased by Southworth and Wellman at a sheriff's sale under an execution against plaintiff Spalding; that Southworth and Wellman in August, 1855, after their purchase, applied to plaintiff for possession and plaintiff promised to deliver the possession to them within three weeks; that shortly after the

expiration of that time plaintiff moved to Hannibal, locking up the house and taking the key with him; that plaintiff loaned the key to one Mr. Farmer to get some property belonging to Farmer out of the house under an agreement that Farmer would return the key to him; that a few days afterwards Mr. Southworth procured the key from Farmer and took possession of the premises; that Southworth and Wellman sold the premises to one Shulmire and put him in possession of the premises; that Shulmire sold to one Ellis; that Ellis rented the same to defendants and put them in possession; that they remained in possession until the institution of this suit; that on the 8th of July, 1856, plaintiff served on defendants a demand in writing for the possession of the premises; that defendants failed and refused to deliver possession.

The plaintiff asked the court to instruct the jury "that upon the facts as proved by the jury in their special verdict the jury ought to find the defendants guilty in manner and form as charged in the complaint." The court refused so to instruct, but at the instance of the defendants instructed the jury "that if they believe the facts to be as found in the special verdict, the jury ought to find the defendants not guilty in manner and form as charged in the complaint." The jury found for defendants.

*Porter* and *Harrison*, for plaintiffs in error.

I. The plaintiff's cause of action is made out by the special verdict. The court should have so decided. (R. C. 1855, p. 787.) Southworth unlawfully acquired possession; his possession being thus unlawfully acquired, his transferring that possession could not relieve himself, or any holding mediately or immediately under him, from the liability imposed by law in plaintiff's favor. (See Warren v. Ritter, 11 Mo. 354; 1 Monr. 127; 2 Dana, 111; 4 Dana, 168.)

*Southworth & Wellman*, for defendants in error.

I. The possession of defendant was not obtained and continued wrongfully by disseizin. The possession of defendant can not be disturbed by Spalding.

RICHARDSON, Judge, delivered the opinion of the court.

It is declared in the third section of the act concerning forcible entry and detainer that "when any person wrongfully and without force by disseizin shall obtain and continue in possession of any lands, tenements or other possessions, and—after demand made in writing for the deliverance of the possession thereof by the person having the legal right to such possession, his agent or attorney—shall refuse or neglect to quit such possession, such person shall be deemed guilty of an unlawful detainer." Lord Coke says: "A disseizin is when one enters intending to usurp the possession, and to oust another of his freehold;" but it was observed in Warren v. Ritter, 11 Mo. 354, that the term disseizin, which is strictly only applicable to freehold estates, was not employed in the statute in its technical sense, and was intended to apply to an entry which is wrongful and without force upon the actual possession of another; and the obvious design of the statute is, " to prevent the intrusion of one person on the lawful possession of another, without his consent, and to secure a peaceable possession from being changed without authority of law against the will of the occupant." (Wunsch v. Grelet, 26 Mo. 580.)

The 26th section of the act provides that the merits of the title shall in nowise be inquired into, for the law forbids an unlawful entry with or without title, and it is immaterial whether the intruder is a naked trespasser or enters under a paramount title, for if he has the right to the possession he must resort to the authority of law to obtain it. (Warren v. Ritter, 11 Mo. 354; Brumfield v. Reynolds, 4 Bibb, 388.) The purchaser of real estate under an execution is put to his ejectment if the defendant refuses to yield possession; and, therefore, as the merits of the title can not be inquired into in this proceeding, Southworth and Wellman and those who claim under them occupy no better position than if they had entered without color of title. And the main question in the case is, whether the plaintiff was in the actual possession of

the premises at the time of the entry; for if he was, the defendants took shelter under their title.

The jury might infer, from the circumstance that the plaintiff promised to give up the possession and afterwards removed to Hannibal, leaving the house vacant, that he intended to abandon the possession; in which event he can not recover. But, although he moved away, if by retaining the key he intended to hold the exclusive possession to himself, it continued in him; for actual possession does not mean that the owner must remain continually on the land. (11 Mo. 354; 4 Bibb, 388.) It is a question of intention coupled with appropriate acts indicating a purpose to retain possession. This fact is not found in the special verdict.

The practice in this case was irregular. After the jury returned a special verdict, the court gave instructions and resubmitted the case to them, who thereupon returned a general verdict. If a special verdict finds the facts responsive to the issue on which a judgment can be rendered, the functions of the jury cease, and it is the duty of the court to give the judgment. (R. C. 1855, p. 1263, § 20.)

The other judges concurring, the judgment will be reversed and the cause remanded.