## MINTURN v. BURR et al.

WHERE one man acts openly and avowedly for another in leasing or controlling his property, this is sufficient, as against third persons, to show that the property is that of the person recognized by the agent as owner; and the possession of the agent is the possession of the principal, who can maintain forcible and unlawful entry and detainer against such third persons, whether the agent had any written authority or not.

Where, in such case, proof was admitted, without objection, of the acts of the agent in renting and controlling the property for the principal, defendant cannot afterwards claim a nonsuit on the general ground that no power of attorney from the principal was shown, and that, therefore, his possession was not sufficiently proven.

Where plaintiff had been in the peaceable and quiet possession and use of premises through his agent and by his tenants, and the building being unrented, had locked the door and taken the key to his office, he was in the "actual possession" of the premises, within the statute of forcible entry and detainer.

That statute does not require *actual occupancy*, and "actual possession" consists as much of a present power and right of dominion as of an actual corporal presence in the house.

Where a building locked up and so in possession of plaintiff, has been entered by third persons, and taken possession of forcibly and unlawfully, and is detained, it should be left to the jury to determine how and by whose direction, agency, or procurement the entry was made, and whether by preconcert and arrangement or not; and if they find possession was taken by the act, agency, and co-operation of all the defendants, and the holding, whether by one or many, was in pursuance of such arrangement or preconcert, then the defendants are guilty of the entry and detainer.

The fact that the defendants did not themselves go into the actual corporal possession of the premises, or did not personally take possession or make entry, does not defeat the action.

The objection to a complaint in forcible entry and detainer, that it does not aver "actual" possession—the word "possession" only being used—was a mere defect in pleading, which should have been taken advantage of below, where, if the objection be good, the complaint could have been amended, but it cannot be urged in the Supreme Court for the first time.

APPEAL from the County Court of San Francisco.

*McDougall and Sharp*, for Appellant.

*S. W. Holladay*, for Respondents.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

This was an action of forcible and unlawful entry and detainer. Plaintiff recovered judgment before a Justice of the Peace, from which judgment the defendants appealed to the County Court. The case was tried in that Court *de novo*, and a judgment of nonsuit entered. From this judgment the plaintiff appeals. The lot upon which forcible entry is alleged, is a triangular lot in the city of San Francisco. One of the witnesses stated that in April and May, 1858, Edward Minturn was in possession of this lot. Charles Minturn was acting as his agent; the property had been leased to tenants; it was held under Minturn; part was used for a store yard; part for a wood yard. The whole house was, part of the time, occupied as a market. It was built in 1853. On or about the fifth of May, 1858, the key of the market house was left at the office of Charles Minturn with witness. "I was at the market house building subsequently on the same day, and saw that it was locked up—all the hay had been taken out. Two or three days after I went down to the market house, found that it had been opened, and that there was a person inside. The key was still remaining in Charles Minturn's office. I rapped at the door, there was a person inside who refused to admit us; said he was placed there by Alderman Wilson. *   *   *   Edward Minturn had been the landlord and in possession of that property from 1851 to 1858, until the time I spoke of that they took possession of the property; knew of his own knowledge of Edward Minturn giving Charles Minturn express authority to attend to his property; I saw the power of attorney in 1852."

There was evidence to show that a negro locksmith opened the door by force, and that Whitney, some short time afterwards, was admitted into possession, and also some proof conducing to show that Burr had notice of the taking of this possession, and advised the taking or holding, Burr being the President of the Board of Supervisors of the city and county. It is not necessary to scan closely these proofs, nor to express any opinion upon the weight of them. It is enough for the purposes of this point to show, *prima facie* and unexplained, a case against the defendants. The nonsuit was granted by the Judge below upon two grounds:

1. That the plaintiff did not show such possession of the premises as to entitle him to bring this action of forcible entry. One reason for this opinion is, that Charles Minturn did not prove any power of attorney from Edward. But this was not necessary. Proof was offered and admitted showing that Charles was acting for the plaintiff, and that the

property had been rented for Edward.  This proof was not excepted to, nor could it have been.  The question did not involve the title, but simply the possession; and the acts of the agent in controlling the property for the plaintiff were enough to show that the property was held and possessed by the principal; whether the attorney had any written authority or not was wholly immaterial.  The possession of the agent is that of his principal, and when one man acts openly and avowedly for another in leasing or controlling his property, this is enough, as against third persons, to show that the property is that of the person recognized by the agent as the owner.  But it is decisive to say, if there were any objection to this proof it should have been made when the proof was offered.  It is too late, after admitting it without exception, to claim a nonsuit on the ground that the plaintiff should have introduced better testimony than that which the defendants suffered to go in without objection.

2.  Nor is the objection good that the possession of the lot thus held was not such an " actual possession " as the statute contemplates.  This doctrine would lead to singular results.  If a man, locking up his store and waiting to open it until he can rent or lease it, is not in legal possession, but may have his doors broken open and his property taken without this summary and effectual redress, it would be a premium for the lawless and irresponsible to find out unrented and uninhabited property and intrude by force—trusting to occupy until the termination of an action of ejectment; a process by which such intruders would make the value of the use in the meantime.  There is no warrant for such doctrine.  The statute does not require the plaintiff to be in the *actual occupancy* of the premises.  "Actual possession" as much consists of a present power and right of dominion as an actual corporal presence in the house.  Here the plaintiff had the key, and had locked up the premises; had been in the peaceable and quiet possession and use of the lot, through his agent and by his tenants; and, but for this intrusion and entry, could at any moment have gone in or introduced a tenant within the enclosure.  This was enough to secure him the protection of the statute against any man who forcibly and unlawfully entered behind his back.  (8 Johns. 464; 9 Id. 147; 4 Bibb, 388; Id. 426; 3 Marshall, 347; 9 Yerger, 93; 2 Blackf. 133; 2 B. Monroe, 3; 1 Scam. 407.)

3.  Nor can it be maintained that Burr, (if the fact be so) not having actually gone into corporal possession of these premises, or personally taken possession or made entry, is not liable in this form of proceeding.  The facts should have been left to the jury, for them to determine how

and by whose direction, agency or procurement this entry was made, and whether by preconcert and arrangement or not; and if they found it was taken by the act, agency and coöperation of all, and the holding, whether by one or many, was in pursuance of such arrangement or preconcert, then the defendants are guilty of the entry and detainer. If this were not the rule, all a man of wealth would have to do to get possession of the property of another, would be to procure an irresponsible person to take it and hold it, and thus the former would reap the benefit of this unlawful act, while he escaped the consequences. (*Evill v. Conwell*, 2 Blackf. 134.)

4. There is nothing in the point that the complaint does not state an actual possession. This was not the ground of the nonsuit; nor was any objection taken to the complaint on this score. At most, the failure to insert this word *actual* was a mere defect of pleading which should have been taken advantage of below, where, if the objection be good, the complaint might have been amended, but we cannot consider it here for the first time.

Judgment reversed, and cause remanded for a new trial.