## MINTURN *v.* BURR *et al.*

THE Civil Practice Act does not require the answer to a verified complaint in an action in a Justice's Court to controvert *specifically* the material allegations of such complaint. It is sufficient if the answer deny the material allegations, either generally or specifically.

A person may be guilty of a forcible entry who is not actually present and does not actively assist therein. He is guilty of an entry made with force by one acting at the time under his direction and procurement.

Where it is evident that the jury must have acted under a mistaken impression as to the legal effect of the evidence, or in total disregard of it, a new trial will be ordered.

APPEAL from the County Court of the City and County of San Francisco.

This case was before the Supreme Court on a previous appeal at the July term, 1860, reported in 16 Cal. 107. The purport of the evidence on the first trial is there stated in the opinion of the Court, and at the new trial it was of the same character, and showed clearly that the negro locksmith, who opened the door, did so under the direction of defendants Burr and Whitney.

*McDougall, Sharp & Lloyd,* for Appellants.

*John H. Saunders,* for Respondent.

FIELD, C. J. delivered the opinion of the Court—COPE, J. concurring.

The Civil Practice Act provides that pleadings in Justices' Courts shall be in writing, and be verified by the oath of the parties, their

agents or attorneys, when the action is for the foreclosure of any mortgage, or the enforcement of any lien on personal property, or for a forcible or unlawful entry upon, or a forcible or unlawful detention of lands, tenements or other possessions, or to recover possession of a mining claim; and that in other cases the pleadings may be oral or in writing. (Prac. Act, sec. 571.) But unlike its provisions with reference to pleadings in actions in Courts of record, the Act does not require the answer to a verified complaint in an action in a Justice's Court to controvert *specifically* the material allegations of such complaint. It is sufficient if the answer deny the material allegations, either generally or specifically. (Prac. Act, sec. 574; *Sullivan* v. *Cary,* 17 Cal. 85.)

In the present case the answer, in addition to certain special denials, the form of which is open to criticism, contains a general denial of all the allegations of the complaint. This was sufficient to create an issue, and to require evidence from the plaintiff. And the evidence produced by him, as contained in the record, discloses a clear case against the defendants, Burr and Whitney. The other defendants do not appear to be connected in any way with the transaction, and as to them the case might have been dismissed. But as to Burr and Whitney the evidence was direct, positive and uncontradicted. It established beyond reasonable doubt that the entry upon the premises was made under their direction, agency and procurement, and that it was forcible. The jury found that possession was forcibly taken, but not by the defendants, which the Court held amounted to a verdict for the defendants, and under its direction the finding was drawn up and entered in that form. The jury must have been under the impression that the actual presence of the defendants, assisting in making the forcible entry, was necessary to render them liable, or else have acted in entire disregard of the evidence. And it matters not, so far as the motion for a new trial is concerned, whether the result followed from one cause or the other. The law applicable to the facts was laid down when the case was here on the first appeal. (16 Cal. 109.) We there said that " the facts should have been left to the jury, for them to determine how and by whose direction, agency or procurement this entry was made, and whether by preconcert and arrangement or

not; and if they found it was taken by the act, agency and coöperation of all, and the holding, whether by one or many, was in pursuance of such arrangement or preconcert, then the defendants are guilty of the entry and detainer. If this were not the rule, all a man of wealth would have to do to get possession of the property of another, would be to procure an irresponsible person to take it and hold it, and thus the former would reap the benefit of this unlawful act, while he escaped the consequences." (*Evill* v. *Conwell*, 2 Blackf. 134.)

Judgment reversed and cause remanded for a new trial.