## BRIDGET McEVOY *v.* JAMES IGO.

COMPLAINT IN FORCIBLE ENTRY AND DETAINER.—A complaint in an action under the Forcible Entry and Detainer Act, other than actions against tenants holding over as provided in said Act, does not state facts sufficient to constitute a cause of action, unless it allege a forcible entry or a forcible detainer.

APPEAL from the County Court, City and County of San Francisco.

Plaintiff recovered judgment, and defendant appealed. The other facts are stated in the opinion of the Court.

*William M. Pierson*, for Appellant.

*Gardner & Woodson*, for Respondent.

By the Court, SAWYER, J.

The complaint in this case does not state facts sufficient to entitle plaintiff to recover in an action under the Forcible Entry and Detainer Act. If plaintiff is entitled to recover in this action on the evidence introduced, it is on the ground, that, there was a forcible entry, or a forcible detainer after an unlawful entry, or both. The evidence was, perhaps, sufficient to show a forcible entry within the principle of *Minturn* v. *Burr*, 16 Cal. 107, and 20 Cal. 49, but no force, either in the

entry, or detainer, is alleged. After stating possession of the land, the complaint proceeds as follows : " Plaintiff further alleges, that, being so in quiet and peaceable possession of said described premises, and entitled to the possession of the same, the said defendant, on or about the 25th day of February, 1863, unlawfully entered upon the said described premises, and took possession of the same, and the said defendant has ever since illegally and unlawfully detained possession of the same from the plaintiff against the form of the statute in such case made and provided, to her great damage, to wit, the sum of fifty dollars." This is the entire averment with respect to the character of the entry and detainer. The facts alleged are sufficient to authorize a recovery in the action formerly denominated ejectment—nothing more. It is unnecessary to add, that neither a Justice of the Peace, nor the County Court on appeal, has jurisdiction in such an action.

Judgment reversed and cause remanded.