29  577<br>83  100

## HENRY HODGKINS v. MALACHI JORDAN.

FORCIBLE DETAINER.—The declaration of the defendant to the plaintiff, that he will not go off the premises unless put off by force or by law, does not constitute a forcible detainer.

SAME.—The mere surmise of a person, that if he attempts to regain possession, force will be used to prevent it, is not enough to show a forcible detainer, but an attempt must be made to regain possession, and either force, or threats of force, used to resist it.

SAME.—The action of forcible detainer is not intended as a substitute for the action of ejectment.

APPEAL from the County Court, San Joaquin County.

The plaintiff was in possession of a tract of land which was inclosed by a fence, and had been cultivated since 1857. On Saturday, the second day of September, 1864, the defendant went inside the inclosure and erected a small board tenement, and moved into it. On Tuesday following, plaintiff went to defendant and demanded possession, and defendant replied that he was going to stay there until they put him off. Plaintiff afterwards called on defendant several times, and demanded possession, before bringing suit. Suit was commenced April 22d, 1865. Defendant appealed.

The other facts are stated in the opinion of the Court.

*Tyler & Cobb*, for Appellant.

*John B. Hall*, for Respondent.

73

By the Court, RHODES, J.

This is an action of forcible entry and detainer, brought under the Act of 1863. The Court found the forcible detainer as alleged in the complaint. The defendant relies upon the single point that the evidence is insufficient to justify the finding, and in our opinion the point is clearly with him. The evidence in respect to the detainer is well epitomized in one of the findings, in which it is stated " that the plaintiff has often since such entry demanded that the defendant leave the premises and restore possession to the plaintiff, but that the defendant has refused so to do, and has replied to such demands that he would not go off unless put off by force or by law."

It is not indispensable to a recovery for a forcible detainer that actual force be proven, but in the absence of such proof, threats of personal violence, or such conduct as clearly evinces a determination to resist by force the entry of the plaintiff, must be shown. The mere surmise or apprehension of the plaintiff that if he attempts to regain the possession he will be repelled by force, is not enough ; but the words or acts of the defendant must manifest the present purpose to resort to force, to defeat the attempt then being made by plaintiff to re-enter into the possession of the premises. The declaration of the defendant that he would remain on the premises until the plaintiff put him off by force or by law, falls far short of a threat of the character we have indicated ; and it is not even a threat of forcible resistance, if the plaintiff should thereafter proceed to put him off by force. The action for a forcible detainer is not intended as a substitute for the action of ejectment. The *gravamen* of the first is the wrongful detention of the premises by force—"with strong hand "—and that of the second is the wrongful detainer only. The distinction is as clearly and unmistakably marked, as between a case of forcible entry and a mere trespass upon lands, unaccompanied by force or menaces.

Judgment reversed and cause remanded for a new trial.