[No. 2,523.]

JOHN WILSON *v.* DANIEL SHACKELFORD AND OSCAR WILSON.

UNLAWFUL DETAINER—POSSESSION OF PREMISES WITHOUT ACTUAL PRESENCE.—Where a person entered upon a vacant quarter section of public land, erected a small dwelling-house upon it, slept there several nights, and then, locking the house and taking the key with him, returned to an adjoining county, where he had previously resided, with intention immediately to return with his family to the new house as his home, but found his wife too ill to be removed, and she continued so for several months: *held,* that in contemplation of law he remained in possession, and that such possession was sufficient to maintain an action of unlawful detainer, against a person entering in his absence and refusing to surrender, under section three of the forcible entry and unlawful detainer Act of 1866. (Stats. 1865-6, p. 768.)

SHELBY *v.* HOUSTON, 38 CAL. 410—On the point that a person may be an occupant and have peaceable and undisturbed possession of premises within five days preceding an unlawful entry, within the meaning of section three of the forcible entry and unlawful detainer Act of 1866 (Stats. 1865-6, p. 768), without the actual presence of himself or any person in his behalf, affirmed.

APPEAL from the County Court of Santa Clara County.

The facts are stated in the opinion of the Court.

*Fisher & Newman,* for Appellant.

The plaintiff was only required to have the immediate right of possession of the premises as against the defendants to entitle him to recover. His actual personal presence was not indispensable. (*Minturn* v. *Burr,* 16 Cal. 107; *Shelby* v. *Houston,* 38 Cal. 410.)

*Hatch & Tully,* for Respondents.

The very object of the Legislature, as we think, in using the words "occupant" and "actual occupant," in the third section of the forcible entry and unlawful detainer Act, was by limiting the right of action to the person who was in the actual possession at the time, to distinguish between the special remedy which the statute affords and the ordinary

remedy afforded by the possessory action of ejectment. Under the construction given in *Shelby* v. *Houston*, we cannot see why this action in the County Court cannot be substituted for the action of ejectment in very many cases where that action has hitherto been considered the proper and only remedy. Certainly it can be so substituted in all cases where the plaintiff relies for recovery upon mere prior possession. We submit that the statute bears a different construction from that put upon it by *Shelby* v. *Houston*.

By the Court, CROCKETT, J:.:

This is an action for unlawful detainer under the third section of the Act of 1866 (Stats. 1865–6, p. 768). On the trial the Court granted a nonsuit, and the plaintiff having moved for a new trial, which was denied, has brought this appeal. The proof was that in October, 1869, the plaintiff erected on a quarter section of public land in Santa Clara County a small dwelling-house, in which he slept for several nights, and then returned to San Mateo County, where he had previously resided, with the intention immediately to return with his family to the new house as his home; but on his arrival at his home in San Mateo found his wife too ill to be removed, and she so continued for several months; that on leaving the new house for San Mateo he locked the door and took the key with him; that in the ensuing month of January, during the plaintiff's absence, the defendants entered the new house and have ever since occupied it; that they obtained access to it by removing some of the boards from the side, and have refused to surrender the possession for more than five days, after a proper demand made. On the facts the Court below granted a nonsuit, on the ground that the plaintiff had failed to show that he was the actual occupant of the premises within five days before the entry of the defendants. That the plaintiff, in contemplation of law,

was in possession of the house when the defendants entered is too plain to admit of debate. He had recently erected and occupied it, and was only temporarily absent, having the door locked and the key in his possession. But the defendants insist that this is not sufficient to maintain the action under the third section of the statute, which, it is claimed, requires an actual occupation of the premises by the plaintiff or some one in his behalf within five days before the entry. This precise question was before the Court in *Shelby* v. *Houston,* 38 Cal. 410, and was decided adversely to the construction now contended for. It is unnecessary to repeat the reasons for the construction adopted in that case, and which are fully stated in the opinion of the Court.

Judgment reversed and cause remanded for a new trial.