[No. 5259.]

# GEORGE LEROUX v. WM. MURDOCK, JOSEPH TROXEL AND CHRISTOPHER ROBISON.

DENIALS IN AN ANSWER.—When the complaint is verified, an answer which denies its allegations in the conjunctive is insufficient.

IDEM.—If the complaint in an action of unlawful detainer avers that the defendant unlawfully entered upon the demanded premises, and the answer denies that he entered unlawfully, it admits the entry and raises an issue only upon the question of its lawfulness.

FORCIBLE DETAINER.—In an action of forcible detainer, evidence that the plaintiff had a house in which he had lived, on a tract of land, and had the year before cultivated it to grain, and at the time of the alleged unlawful entry had a volunteer crop growing on it, tends to prove such a possession of the land in the plaintiff as makes him an occupant thereof within the meaning of the second subdivision of section 1160 of the Code of Civil Procedure, in relation to a forcible detainer, even if he had been absent from the land for several weeks before the entry of defendant.

APPEAL from the County Court, County of Colusa.

Action of forcible detainer to recover possession of the S ½ of Section 11, the S½ of S.E¼, the N.W¼ of S.E¼, and and the N.E¼ of Section 10, Township 19, N. Range 4 W., Mount Diablo meridian, lying in Colusa county.

The complaint averred that on or about the fifteenth of February, 1875, the plaintiff was, and for a long time had been, in the peaceable possession of the premises; that on said day defendants unlawfully entered into possession thereof and ousted plaintiff, and had ever since unlawfully detained the premises from the plaintiff; that at the time of defendants' entry plaintiff was absent; and that on the nineteenth day of March, 1875, the plaintiff demanded of defendants the delivery of possession of the premises to him, and they refused. The answer denied these allegations conjunctively, and denied that the defendants unlawfully entered, etc.

On the trial, the plaintiff, in his own behalf, testified that in November, 1872, he leased the premises verbally from the defendant Murdock for four years, agreeing to give him one-fourth of the grain he raised thereon; that he immediately entered upon the land and built a house thereon for a dwelling, and took possession and cultivated the land to grain each year until 1875; and that in February, 1875, he had a volunteer crop of grain growing on the land; and that on the fifteenth of February, 1875, he had been absent from the house several days at work for one of his neighbors, and when he came back the house had been taken down, and defendants were plowing up the volunteer grain; that one of the defendants told him they did it, and defendant Robison said he was ordered to do so by defendant Murdock; that after the nineteenth day of March, 1875, and more than five days before the commencement of the suit, he served a written notice upon defendants demanding a surrender of the premises, which they refused to do; that he lived in the house until December, 1874, but did not live in it after that time, but in January, 1875, went on to the land and sowed grain in places where the volunteer was thin, and at that time Murdock told him to keep away from the place, and he replied that he had leased it for four years and had a right there.

Defendant Robison also testified on behalf of plaintiff, that he and Leroux had leased the land for 1875 from Murdock, and that he sent word to the plaintiff to move the building, and as the plaintiff did not do it, he and Murdock and Troxel moved it off. The plaintiff, after proof of damages, rested, when the court, on motion of defendants' counsel, nonsuited him, on the ground that plaintiff had not made out a case for the jury, and that the defendants were the owners of the land and entered peaceably, and that their entry was not shown to have been unlawful. The plaintiff appealed from an order denying a new trial.

*M. L. Tindall and A. L. Hart*, for the Appellant.

*S. T. Kirk*, for Respondent.

By the Court:

The pleadings are verified, and the answer denies the allegations of the complaint only in the conjunctive, and tenders an issue upon the unlawful character of the entry; denies that the defendants unlawfully entered and * * * do now unlawfully detain, etc. It cannot, therefore, be maintained that the plaintiff was correctly nonsuited for a failure to prove the entry of the defendant Murdock.

Nor was the action of the court in nonsuiting the plaintiff correct in other respects. The proofs upon the part of the plaintiff tended to bring the case within the second subdivision of section 1160, Civil Code Procedure, which provides that an unlawful entry made during the absence of the occupant of lands, followed by a refusal to surrender upon notice of five days, shall be held to be a forcible detainer, and tended to establish such a possession of the premises as would characterize the plaintiff in being an occupant thereof, within the last clause of that section.

The ruling of the court below was directly in conflict with our views, as expressed in *Shelby* v. *Houston* (38 Cal. 410), and *Wilson* v. *Shakelford* (41 Cal. 630).

Judgment and order denying a new trial reversed and cause remanded for a new trial.