[No. 13199.   Department One. — February 5, 1890.]

### E. GIDDINGS ET AL., RESPONDENTS, *v.* THE '76 LAND AND WATER COMPANY ET AL., APPELLANTS.

FORCIBLE DETAINER — UNLAWFUL ENTRY IN ABSENCE OF POSSESSOR — EVIDENCE — POSSESSION — FORCE. — Under section 1160 of the Code of Civil Procedure, when an unlawful entry is made upon premises during the absence of the occupant, it is not necessary for such occupant to prove his actual personal presence on the land for five days continuously next preceding the unlawful entry, nor to show that the land was inclosed, if it appears that it was occupied in the same manner that owners of land of like character in that neighborhood commonly occupied and used their land; nor to show that defendants held the possession of the premises by force, or threats of force.

ID. — DAMAGES — LOSS OF CROP — EVIDENCE. — If the unlawful entry re-
sults in depriving the plaintiff of half of the crop that could otherwise
have been obtained, the defendants are properly held liable therefor.

ID. — EXTENT OF DAMAGES — POSSESSION — REVIEW ON APPEAL — SUFFI-
CIENCY OF EVIDENCE — FINDINGS. — When a finding that plaintiffs were
in possession of all the land in controversy is not assailed, an objection
to another finding, that they are not entitled to recover damages for the
whole tract because they showed themselves in possession of no definite
part, will not be sustained.

ID. — EVIDENCE OF TITLE. — Evidence of title or right of possession is inad-
missible in an action of forcible detainer. The question of good or bad
faith on the part of the defendant in entering the premises no longer
affects the right of recovery.

APPEAL from a judgment of the Superior Court of
Tulare County.

The facts are stated in the opinion of the court.

*Wigginton & Hawes*, for Appellants.

*Thompson & Thompson*, and *O. L. Abbott*, for Respond-
ents.

PATERSON, J.— This is a proceeding under the pro-
visions of section 1160 of the Code of Civil Procedure,
relating to forcible detainer, to recover possession of a
tract of land in the county of Tulare. The court gave
judgment for plaintiff for the restitution of the land,
nine hundred dollars damages, and costs of suit. De-
fendant appealed from the judgment, and from an order
denying its motion for a new trial.

The second and fifth findings of the court are assailed
by appellant, on the ground that they are not supported
by the evidence. The second finding is as follows: "The
plaintiffs herein, for and throughout the period of more
than two years last past before the time of the entry by
the defendants hereinafter mentioned, were, and contin-
uously had been, and at the time of said entry were, in
the open, peaceable, actual, and undisturbed possession
and occupancy of all the land described in the com-
plaint."

Sibley, one of the plaintiffs, testified: "I have been in possession of the land in controversy for the past three or four years,—putting it in crops, harvesting, etc. . . . . Giddings and I have had, as partners, the entire, exclusive possession of the land for the past three years, using all of it in the customary manner for raising wheat. . . . . No one ever disturbed our possession till the defendants took it, as complained of by us herein; we never consented to defendants taking possession; but on the contrary, they took possession against our will and without our consent. . . . . We hauled hay from this land all through October and into November. . . . . About the 13th of last November the defendants entered upon these premises."

Giddings, plaintiff, testified: "Myself and partner have farmed this land since 1884. . . . . My partner— Sibley—and I were in full, peaceable possession up to the time the defendants took it from us. . . . . On November 13th they (defendants) hauled lumber upon the premises in controversy and built a house. Anterior to that time no one had interfered with us."

Farl, a witness for defendant, testified: "They refused to deliver the hay; this was on October 2d. We then took teams, and went there and got the hay. This conversation took place near Mr. Giddings's house."

Shipe, one of the defendants, testified: "I first went upon this land on November 13th. I hauled wood there. I had a conversation with Mr. Giddings; told him I had the land rented; he told me I might unload the wood, but if I moved in I would be moved out; that they did not mean to fight or break the peace, *but were in possession of the land and meant to keep it by all lawful means. I afterward went and took possession in their presence.*"

This testimony, which is consistent with all the evidence offered by the plaintiffs, is sufficient, we think, to support the second finding. Plaintiffs alleged and the

court found (and the finding is not attacked) that " on or about the thirteenth day of November, 1888, during the temporary absence of the plaintiffs from said land, the defendants, without the consent and against the will of plaintiffs, entered upon said real property, the land so described in the complaint, and took possession and occupancy thereof, and have ever since intruded thereon, retained and had, and they still retain and have, the possession and occupancy of all of said land."

The fact that the land was not inclosed is immaterial. The land was occupied and used by the plaintiffs in the same manner that owners of land of like character in that neighborhood commonly occupied and used their land. Nor was it necessary for plaintiffs to prove their actual personal presence on the land for five days continuously preceding the unlawful entry. (*Goodrich* v. *Van Landigham,* 46 Cal. 601; *Leroux* v. *Murdock,* 51 Cal. 541; *Minturn* v. *Burr,* 16 Cal. 107; *Shelby* v. *Houston,* 38 Cal. 410; *Wilson* v. *Shackelford,* 41 Cal. 630.)

The fifth finding is as follows: "That by reason of the said taking and witholding of said lands by the defendants, the said plaintiffs have sustained damage in the sum of three hundred dollars."

We think this finding is supported by the evidence. It is said by appellants that " plaintiffs showed no possession or right to take the possession of the premises in controversy; therefore, they showed no right to damages." This point we have answered in considering the second finding. It is claimed, also, that " the plaintiffs showed themselves in possession of no definite part of said premises. If the plaintiffs were only ousted from a part of the premises, clearly they were not entitled to damages for the whole." But the court found in its third finding that the plaintiffs had retained and still retain the possession and occupancy of *all of said land,* and this finding is not assailed. No objection was made to the evidence offered by the plaintiffs on the question

of damages.   The evidence showed that the amount of crop which could be raised, if planted after the middle of January, would be only about half the amount that could be raised if the lands were " put in " in November or December.   If the unlawful act of the defendants resulted in depriving the plaintiffs of half of the crop that could otherwise have been obtained, they were properly held liable.   No objection was made to the evidence.   If defendant deemed it speculative, or not wi hin the issues, objection ought to have been made, so th t the plaintiffs might have had the benefit of the rulin; of the court upon the question, and if adverse, overcome the effect of the objection by adopting some other mode of proof or measure of damages, and if necessary, by amending their complaint.

It was not necessary for plaintiffs to show that defendants held possession of the premises by force or threats of force.   (Code Civ. Proc., sec. 1160, subd. 2; *Leroux* v. *Murdock, supra.*)   The cases cited by appellant on this proposition are, some of them, based on statutes in force prior to the adoption of the code, and others are cases of *forcible entry*.   In such cases the force is a necessary element.   (*Hodgkins* v. *Jordan*, 29 Cal. 577; Code Civ. Proc., sec. 1159.)

We find no error in the rulings of the court in the exclusion or admission of evidence.   Under our statute, evidence of title in actions of forcible detainer is inadmissible.   " The inquiry in such cases is confined to the actual peaceable possession of the plaintiff, and the unlawful or forcible ouster or detention by the defendants, — the object of the law being to prevent the disturbance of the public peace by the forcible assertion of a private right.   Questions of title or right of possession cannot arise; a forcible entry upon the actual possession of plaintiff being proven, he would be entitled to restitution, though the fee-simple title and present right of possession are shown to be in the defendant."   (*McCau-*

*ley* v. *Weller*, 12 Cal. 524.) " Under the code, all entries on the actual possession of another are unlawful, and the question of good or bad faith on the part of the defendant no longer affects the right of the recovery in this form of action." ( *Voll* v. *Hollis*, 60 Cal. 575.)

Judgment and order affirmed.

Fox, J., and BEATTY, C. J., concurred.