# GEORGE W. PLUME, APPELLANT, *v.* THOMAS SEWARD AND JAMES THOMPSON, RESPONDENTS.

[1] EJECTMENT — POSSESSION AS EVIDENCE OF TITLE.—Possession of real estate is *prima facie* evidence of title and sufficient to maintain ejectment.

[2] IDEM—ACTUAL POSSESSION.—To constitute such a possession, there must be an actual *bona fide* occupation, or *possessio pedis*, a subjection of it to the will and control of the possessor, as contradistinguished from the mere assertion of title, and the exercise of casual acts of ownership, such as recording deeds, paying taxes, etc.

[3] IDEM — CONSTRUCTIVE POSSESSION.—Where a party enters on land with no higher evidence of title than that which the law presumes from his possession, and distinctly marks out the extent and boundaries of his claim, his actual possession of a part within these boundaries, gives him constructive possession of the whole. It is not necessary that he should cultivate it, nor is any particular kind of inclosure, natural or artificial, required. It is sufficient that it is subjected to his use for the purpose intended.

[*] ABANDONMENT, EVIDENCE OF POSSESSION.—Laying off land into town lots,  [95] selling the same, and exercising other acts of ownership over them, is no evidence of abandonment, but taken in connection with previous acts of ownership, furnishes additional evidence of possession.

APPEAL from the Fifth Judicial District.

The facts of the case sufficiently appear in the opinion of the Court.

*Stephen J. Field,* for Appellant.

1st. Prior possession is sufficient evidence of title upon which to recover in ejectment. (10 Johns. 355, 357; 4 Ib. 205, 212; 9 Wend. 223; 15 Ib. 175; 2 Hill, 341; 8 Carr. & P. 536.)

---

[1] Cited in *Merced Min. Co.* v. *Fremont,* 7 Cal. 319; *Nagle* v. *Macy,* 9 Cal. 427; *Dyson* v. *Bradshaw,* 23 Cal. 537. Approved in *Sankey* v. *Noyes,* 1 Nev. 72. See *Hutchinson* v. *Perley, ante,* 33; *Hicks* v. *Davis, ante,* 67; *Winans* v. *Christg, ante,* 70; *Bequette* v. *Caulfield, post,* 278; *Castro* v. *Gill,* 5 Cal. 40.

[2] Cited in *Murphy* v. *Wallingford,* 6 Cal. 649. Approved in *Bird* v. *Dennison,* 7 Cal. 302, 310; *Wolf* v. *Baldwin,* 19 Cal. 314; *Lawrence* v. *Fulton,* Id. 690; *Pollack* v. *McGrath,* 32 Cal. 20; *Brummagim* v. *Bradshaw,* 39 Cal. 44; *Staininger* v. *Andrews,* 4 Nev. 67. See *Coryell* v. *Cain,* 16 Cal. 573; *Hutton* v. *Schumaker,* 21 Cal. 453.

[3] Cited in *Castro* v. *Gill,* 5 Cal. 42. Distinguished in *Gunn* v. *Bates,* 6 Cal. 272.

2d. Possession is a question of fact, and should have been submitted to the jury; the nonsuit was improper. (1 Wend. 376; 8 Mass. 336; Pr. Act, § 148.)

*Charles H. Bryan*, for Respondents.

1st. Actual possession of wild land must be shown, if recovery is sought upon prior possession alone. (9 Monroe, 82; 4 Bibb, 564.)

2d. The possession must be such as will maintain trespass. (3 Johns. 388; 4 Dana, 485.) *Suñol* v. *Hepburn*, 1 Cal. 254, settles that the grazing and training of cattle upon land is no evidence of its possession.

Mr. Ch. J. MURRAY delivered the opinion of the Court. Mr. J. HEYDENFELDT concurred.

This was an action of ejectment to recover a lot in the City of Marysville. On the trial of the cause, the plaintiff proved that Covillaud and others, from whom he claimed, were in the year 1849 in possession of a tract of land, lying between the Yuba river and a slough, which was inclosed by a ditch on each side, running from the river to the slough; and had within said inclosure a trading post, a corral and a wheat field. The lot in dispute was not a portion of the wheat field or corral, but was included in the premises thus designated or inclosed by them; their right of possession remaining unquestioned and undisturbed.

This land was afterwards laid out into lots and streets, upon the official map of the City of Marysville, many of which were sold by said Covillaud and others.

[96] * There is no pretence of an abandonment of the premises thus inclosed; but evidence that Covillaud continued to assert title and exercise acts of ownership over them.

On the trial of the cause, the Court rendered a judgment of nonsuit, on the ground that the plaintiff had not shown such a possession as entitled him to recover.

At the last term of this Court we decided, possession was

*prima facie* evidence of title, and sufficient to maintain ejectment. What acts of ownership were necessary to constitute possession was not involved in that decision.

From a careful examination of the authorities, I am satisfied there must be an actual *bona fide* occupation; a *possessio pedis*, a subjection to the will and control, as contradistinguished from the mere assertion of title, and the exercise of casual acts of ownership, such as recording deeds, paying taxes, etc.

This being the case, it becomes necessary to inquire, if a party who enters on land with no higher claim of title than that which the law presumes from his possession, is entitled to claim more than the quantity thus actually occupied by him.

This question has been frequently decided in most of the Western States, where entries have been made upon public lands by persons unable to reduce the whole of the lands to actual occupation by fencing and cultivation. These entries have for the most part been made by settlers claiming 160 acres under pre-emption laws, or some local custom on the subject.

In many cases the occupation of a portion of the land and the blazing of trees, so as to distinctly mark the extent and boundaries of the claim, have been held to operate as notice, and carry the possession to the whole tract; so the felling of timber around a tract of land, and the building of a brush fence, have been held as sufficient acts of the party in occupation of a part, to draw after them the possession of the land so inclosed.

The character of the improvement must, in a great measure, depend upon the locality. It is not necessary the occupant should cultivate the property thus claimed; it is sufficient if it be subjected to his use in the manner pointed out. Neither is any particular kind of inclosure required where a party is * in possession of land marked by    [97] distinct monuments of boundary, whether the same be a natural or artificial inclosure. Claiming title to the whole tract, the possession of the part so occupied will draw after it the possession of the whole.

It is said that this doctrine would give to Covillaud and others all the land claimed by them running from the Yuba river to the mountains. We know nothing of their claim; but if they should establish their possession in the manner already indicated, we can see no reason for a different rule.

Laying off the premises into town lots, selling the same, and exercising other acts of ownership over them, does not operate as an abandonment, but taken in connection with previous acts of ownership, would rather seem to strengthen the plaintiff's possession.

From this it follows, that the Court below erred in ordering the plaintiff to be nonsuited. The evidence of the character of the possession, and the nature of the inclosure were before the jury, and they ought to have been allowed to pass on the sufficiency of them.

Judgment reversed with costs, and new trial ordered.