## MURPHY v. WALLINGFORD.

Where a plaintiff in ejectment seeks to recover upon prior possession, and does not show a compliance with the statute concerning possessory actions in this State, he can only recover upon proof of actual *bona fide* occupation.

A mere entry without color of title, accompanied by a survey and marking of boundaries, is not sufficient.

APPEAL from the District Court of the Sixth Judicial District.

This was an action of ejectment transferred from the District Court of the Eleventh Judicial District, county of El Dorado. It was brought to recover possession of about twelve acres of land in that county, being part of a tract of one hundred and sixty acres taken up by plaintiff in 1850. The plaintiff relies solely upon his prior possession. He proved, on the trial, his having the tract surveyed in 1850, and the boundaries marked by blazing trees along the lines; also, that he enclosed about three acres of the tract, and built a house thereon. He did not, however, prove a compliance on his part with the provisions of the Act concerning the mode of maintaining possessory actions in this State. The land sought to be recovered is near to the plaintiff's enclosure.

Upon the plaintiff resting his case, the defendant moved for a non-suit, which was denied. The jury found a verdict for plaintiff, and judgment was entered accordingly. Defendant appealed.

*Smith and Hardy* for Appellant.

The motion for non-suit should have been granted. However well settled the law may be as to the sufficiency of proof of possession in an action of ejectment, we are confident that the rule never has been extended so far as to render a constructive possession proof of title.

If a party enter under a paper title and hold a portion of the land described, by occupation, his possession is commensurate with the descriptions of bounds in his title. But if A enter upon forty acres of ground, enclose and improve it without color of title, he cannot by mere

verbal declarations extend his possession constructively beyond his enclosure. Jackson *v.* Warford, 7 Wendell, 62.

If, then, the possession must be colored by paper title, or be actual, it is manifest the non-suit should have been granted, for the plaintiff has made no pretence of title or actual occupancy. It is only he who is in possession, claiming title, in whose favor the law raises the presumption of ownership.

*Chas. D. Judah* for Respondent.

There was proof of an actual possession of a part of the survey of the one hundred and sixty acres in 1851 ; that the boundaries were easily traced ; that plaintiff was in possession in 1850—made improvements—erected a house—fenced in two or three acres—and that the defendants came upon the land in 1852 and took the premises in dispute, being about two hundred yards from the house of plaintiff ; and that the piece taken by defendants was within marks defining the line and boundaries of the one hundred and sixty acres. Plume *v.* Seward, 4 Cal. R., p. 94.

The defendants were trespassers, and possession gives a right of action against them, even if title is shown in another. Bequette *v.* Caulfield, 4 Cal. R., p. 278.

Mr. Justice TERRY delivered the opinion of the Court. Mr. Chief Justice MURRAY concurred.

This is an action of ejectment, in which the plaintiff seeks to recover upon prior possession.

The facts, as disclosed by the record, are as follows : In 1850 the plaintiff entered upon a tract of land in El Dorado county, caused it to be surveyed, and the boundaries marked ; built a house upon it, in which he resided, and enclosed and cultivated a small portion of the tract. In 1852 the defendant entered upon the land within the boundaries of the survey, but not within the actual enclosure of plaintiff.

" Possession is presumptive evidence of title, but it must be an actual *bona fide* occupation, a *pedis possessio*, a subjection to the will and control, as contradistinguished from the mere assertion of title, and the exercise of casual acts of ownership," See Plume *v.* Seward, 4 Cal., 95. A mere entry without color of title, accompanied by a survey and marking of boundaries, is not sufficient.

The statute of this State has provided a means by which the actual possession of a party may be extended to the limits of his survey, but the plaintiff not having shown a compliance with the provisions of the statute, cannot recover under it. Sweetland *v.* Froe, July Term, 1856.

The Court erred in refusing a non-suit. Judgment reversed.