## GARRISON *v.* SAMPSON.

A COMPLAINT in ejectment, with general averments in the usual form, is sufficient, without a specific averment of the facts. To set out the facts connected with the title, and the wrongful acts of the defendant, would produce confusion, without benefit.

Under the allegation of ouster, a holding over by the defendant may be shown.

Merely going on waste, uninclosed public land, and building or occupying a house and corral, and even subsequently cutting hay on part of the land, does not give a party any claim to or possession of the whole tract of one hundred and sixty acres. The case would be different if the party claimed and entered under the Possessory Act of this State, and pursued the necessary steps prescribed by it; or, probably, if he had made his entry under the pre-emption laws of the United States.

Where, in such case—there being no claim under the Possessory Act, or the pre-emption laws of the United States—plaintiff claims one hundred and sixty acres by force of his prior possession, and a contract or consent on the part of defendant, whom he let into possession, to hold the premises for him, or subject to his order, the judgment cannot be in favor of plaintiff for the whole tract, but only for the small part on which the house and corral were situated, and of which plaintiff was in the actual occupancy—there being no proof, except defendant's general consent, as above named, that defendant agreed to hold the whole tract for plaintiff.

APPEAL from the Fifteenth District.

Complaint averred that plaintiff was " the owner and entitled to the possession of" the premises, " containing some one hundred and sixty acres, or thereabouts;" and that defendant "wrongfully and unlawfully entered upon, took possession of, and ousted" plaintiff, and still " wrongfully and unlawfully withholds the possession," etc.

Defendant appeals.

*E. B. Crocker*, for Appellant.

1. The complaint should set out the facts; mere general averments in ejectment are insufficient under our system of practice. The complaint alleges that defendant entered *tortiously*, and on the trial it was attempted to prove that he entered under *contract* of lease. If there was such contract between the parties, it should have been averred. The proof must correspond with the pleadings. (3 Cal. 191; 4 Id. 227; 5 Id. 156, 159, 222; 6 Id. 56; 10 Id. 317.) If a forcible entry be alleged, proof of an unlawful entry is insufficient. (*Frazer* v. *Hanlon*, 5 Cal.)

2. The judgment should not have been for the whole tract. The evidence, at most, shows possession in plaintiff of only the house and corral, and consent on the part of defendant to hold that much of the tract for plaintiff. There was no inclosure of the whole tract, and plaintiff's possession could not be extended beyond his actual occupancy, except by showing compliance with the Possessory Act of this State, and this he has entirely failed to do. (*Murphy* v. *Wallingford*, 6 Cal. 648; *Sweetland* v. *Froe*, Id. 144; Wood's Dig. 526, 2d, 3d, and 4th secs. of the Act.)

*P. L. Edwards*, for Respondent.

I. The action was properly brought. The complaint was in the usual form; and the entry of defendant need not be alleged to have been under a lease, or by permission.

Ejectment *ipso facto* implies trespass. It is properly termed trespass in ejectment. (3 Blac. Com. 199.)

When the defendant, who has entered under a lease, or by permission, refuses to quit upon proper notice, or disclaims the title under which he entered, he thenceforward becomes a trespasser.

The only question here is, was there in legal effect an ouster or dispossession of the plaintiff?

The rule is familiar, that such ouster or dispossession may be, and usually is, by holding over. (1 Chitty's Pl. 191, 179; Adams on Ejectment, 142.)

It will not be denied that this is the law, unless changed; nor has the code of practice changed the law. By denying the title of the plaintiff, and refusing to yield possession upon demand, the appellant became a wrong-doer, and was thenceforward to be proceeded against as any other wrong-doer.

He had forfeited all rights under the lease or permission to occupy,

Garrison *v.* Sampson.

and could not set it up in his defense.   *(Jackson* v. *Collins,* 11 Johns. 1; *Adams* v. *Freeman,* 12 Id. 408.)

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

This was ejectment for one hundred and sixty acres of land.   The complaint is in the usual form, and the answer a general denial.   The case was tried by the Court without a jury, and a judgment rendered for the plaintiff.   The case made by the plaintiff on the proofs, tended to show a holding over of the premises by the defendant, and proof to this effect was objected to by the defendant, on the ground that such proof was inadmissible under the general allegations of the complaint, and could only be admitted under specific averments of the facts.   But we do not think this point well taken.   It is better to simplify the pleadings by allowing these general averments in actions of ejectment, than to introduce the unnecessary confusion which long and complex statements of the facts must necessarily produce.   A holding over by the defendant is, in effect, an ouster, and may be so charged.   If, in every case, all the facts connected with the title, and the wrongful acts of defendant, be inserted in the complaint, the pleadings would be swollen to immoderate dimensions, and the expense and trouble of litigation be greatly increased, without any corresponding benefit to the parties. A different practice has prevailed in this State, and the profession and the Courts understand the rule as the pleader in this case did; and we are not disposed to introduce a new rule on this subject.

2. A fatal objection to the judgment consists in the finding of the Judge in favor of the plaintiff for the whole tract of land sued for. The plaintiff claims by force of prior possession and a contract or consent on the part of the defendant, whom he mediately or immediately let into possession, to hold the premises for him or subject to his order. The land is public land.   It was not taken up by the plaintiff under the Possessory Act of this State, nor was it inclosed.   There were a house and corral on the land.   Of these he may be said to have been in the actual occupancy.   But we cannot see from the proofs any right of possession to the whole of the quarter section, or even any claim to it. We do not understand that the mere fact that a man enters upon a portion of the public land, and builds or occupies a house or corral on a small part of it, gives him any claim to the whole subdivision, even as against one entering upon it without title.   The case would be differ-

ent if he claimed under the Possessory Act, and pursued the necessary steps prescribed by it; or if he had made his entry under the preëmption laws of the United States. But merely going on waste and uninclosed land, and building a house and corral, and even subsequently cutting hay on a part, did not extend his possession to the whole of the one hundred and sixty acres. Nor do we see any proof in the record of any contract or assent by defendant to hold this whole tract for the plaintiff; the loose admissions relied on, that he said he would hold the place for the plaintiff, not defining any particular tract, certainly not identifying the whole one hundred and sixty acres now claimed as that tract, are not sufficient to show a tenancy by the defendant for the whole tract sued for.

Judgment reversed, and cause remanded.