## SAMUEL SANKEY, Respondent, v. J. W. NOYES et al., Appellants.

Where a complaint in ejectment charges the defendants with being in possession of certain premises, and the answer admits the allegation, a replication repugnant to that allegation, and denying that the defendants are in possession, does not entitle defendants to judgment on the pleadings. The replication may be disregarded.

What acts are sufficient to constitute such a possession of public land as will maintain ejectment, must, in a great measure, depend upon the character of the land, the locality, and the object for which it is taken up.

Possession is *prima facie* evidence of title and sufficient to maintain ejectment, but when possession alone is relied on, it must be an actual *bona fide* occupation.

The mere staking off of land without occupation or other acts of ownership would not constitute such a possession as would maintain ejectment.

Appeal from the District Court of the First Judicial District of the Territory of Nevada, Storey County, Hon. J. W. North presiding.

The facts appear in the opinion of the Court.

*A. B. Elliott*, Counsel for Appellants.

We think the acts found by the referee, without considering any other circumstances (there being no pretense of abandonment in the case), are sufficient of themselves to constitute such a possession, or ownership, in the defendants as to entitle them to a reversal of judgment in this case. In a number of cases the Supreme Court of California has decided, in effect, that a substantial enclosure is not necessary to constitute possession. (*English* v. *Johnson*, 17 Cal.; *Minturn* v. *Burr*, 16 Cal.; *John Nash et al.* v. *David Carlise*, in this Court; also, *Alford et al.* v. *Dewing et al.*)

The foregoing authorities are sufficient, in our judgment, to show that the referee's conclusion, "That defendants had done no act prior to June, 1863, sufficient to show a possession, or right of possession, or ownership in or to the ground in dispute," is not warranted or sustained by his findings.

If the findings do not support the judgment, it must be reversed. (*Davis* v. *Caldwell*, 12 Cal. 125.)

But even admitting defendants to have failed in showing a

Sankey *v.* Noyes *et al.*

possession, or right of possession, or ownership, in and to the ground in dispute, yet it by no means follows that plaintiff is entitled to recover in this action. If he recover at all he must recover upon the strength of his own title, and not upon the weakness of defendants.

Now the question arises, had plaintiff done such acts of possession when he brought this suit, as to give him possession? We think not. (*Woodworth* v. *Fulton*, 1 Cal. 310; *Murphy* v. *Wallingford*, 6 Cal. 649, and cases cited *supra*.)

Upon the third ground relied on as error we say: A pleading is to be construed more strongly against the pleader. (14 Cal. 111; Id. 227; 10 Cal. 322.)

Plaintiff may avail himself of any admission contained in the answer. And an answer is no proof for defendants, but defendants' admission of any fact stated in the complaint is conclusive evidence against him; *e converso*, a defendant may avail himself of any admission contained in the complaint or replication, and any admission contained in the complaint or replication is conclusive against the plaintiff. (Statutes 1861, 324, sec. 65; Statutes of 1864, 75, sec. 4; *Blackman* v. *Vallejo*, 15 Cal. 645; 1 Sanders on Ev. 57; 18 U. S. Digest, 588, 589.)

Plaintiff's sworn replication denies that defendants were in possession at the commencement of his suit. Ejectment is a possessory action, and must be brought against the party in possession.

It determines no right but that of possession at the time, and it matters not who has, or claims to have, the title of the premises. (*Garner* v. *Marshall*, 9 Cal. 270; *Payne* v. *Treadwell*, 16 Cal. 244.)

No brief on file for Respondent.


Opinion by Lewis, C. J., Brosnan, J., concurring.

Two questions are presented for our consideration in this case.

*First*—Are the defendants entitled to judgment upon the pleadings, and

*Second*—Are the findings of fact reported by the referee sufficient to warrant a judgment in favor of the plaintiff?

There having been no settled statement or motion for new trial, we cannot pass upon the sufficiency of the evidence to warrant the findings; neither can we inquire into any errors of law which may have been committed at the trial.

The complaint contains the usual allegations in ejectment of ownership and right of possession in plaintiff, and ouster by the defendants. The answer denies the ownership of plaintiff and the ouster; but alleges that the defendants are the owners of the premises in dispute, and as such are in possession, and are entitled to the possession thereof.

Here a direct issue is raised upon the right of possession of the premises in dispute, and no such new matter is set up in the answer as would make a replication necessary, but the plaintiff, perhaps thinking it necessary to controvert every affirmative allegation on the part of the defendants, files a replication, in which he denies that the defendants are in possession of the premises, thus, in fact, denying one of the allegations of his own complaint. This may place the plaintiff in a novel position upon the record, but I do not think it destroys the issue raised by the complaint and answer, so as to entitle the defendants to judgment upon the pleadings. The issue was completely made up in the complaint and answer, and the replication was frivolous, and might have been stricken out on motion. The defendants admit that they are in possession of, and claim title to, the premises; had they not done this the replication would have been fatal to the plaintiff's recovery; but to hold so here would be to disregard the complaint and the sworn answer of the defendants. As the replication was uncalled for by the answer and frivolous, I think it should be treated as if it were not in the case.

This brings us to the second point, which involves the merits of the case, that is, are the findings of fact by the referee sufficient to warrant the judgment in favor of plaintiff.

I am of opinion that they are. The facts reported by him are as follows:

*First*—In the month of July, 1861, these defendants, to wit: John B. Hickey, Richard A. James, and C. S. Babbitt, staked off a piece of ground, which included within its limits about one-half of the land now in dispute.

The boundary of the claim was distinctly marked by short posts. But, within a month or less after these posts were set, those on the southwest end and sides were taken up and carried away.

In June, 1862, the same parties made out a written notice, setting forth the facts that they had staked off this piece of ground the previous year, and that they claimed the same, and had this notice recorded.

*Second*—In June, 1863, plaintiff caused a survey to be made of the ground now claimed by him. Immediately thereafter he commenced clearing the same; cleared off one or two acres of the same on the west side of the piece claimed; he fenced the piece on the south and east sides with a substantial fence, and had grubbed out the ground for the other two strings of fence preparatory to fencing the entire lot.

*Third*—Whilst the plaintiff was fencing the ground in dispute, with the *bona fide* intention of occupying and using the same, he was driven from the premises by the threats and violence of one McIntosh, who was at the time in the employ of defendants Hickey, Roads and James, building a fence or setting posts for them; Roads was also present giving countenance and aid to those threatening demonstrations of McIntosh.

The only act which appears to have been done by the defendants to indicate their intention to claim the premises, was to stake off the same in July, 1861, and the recording of a notice in 1862. Nothing else appears to have been done by them up to the time the plaintiff claimed and went into possession of the premises, and the referee finds that the posts which the defendants placed around the claim in 1861, were removed from two sides thereof in less than a month afterwards.

What acts are sufficient to constitute such a possession of public land as will maintain ejectment, has long been a vexed question in the Courts of California, and our own Courts have found it impossible to announce any general rules that would meet the varying circumstances of every case. But it seems to be generally agreed that these acts must in a great measure depend upon the character of the land, the locality, and the object for which it is taken up. While arable or meadow land should be enclosed with a substantial fence, cultivated and im-

proved, land which is only valuable for the timber upon it, might be held by a much less substantial enclosure, and cultivation or improvement would not be necessary. But one thing I think should be observed in every case, that is, possession when solely relied on, should be a *pedis possessio*, an actual occupation, a subjection to the will and control. In this country where no higher title to land exists than that which the law presumes from possession, and where all persons are permitted to locate upon any public land not previously occupied or appropriated, justice to the community requires that that possession should be open, notorious and continuous, and that it should be a *pedis possessio*.

In the case of *Plume* v. *Seward et al.*, 4 Cal. 95, Chief Justice Murray uses the following language: " At the last term of this Court we decided possession was *prima facie* evidence of title, and sufficient to maintain ejectment. What acts of ownership were necessary to constitute possession was not involved in that decision. From a careful examination of the authorities, I am satisfied there must be an actual *bona fide* occupation ; a *possessio pedis ;* a subjection to the will and control as contra-distinguished from the mere assertion of title and the exercise of casual acts of ownership, such as recording deeds, paying taxes," etc.

The mere staking off of land, without occupation or other acts of ownership, would not constitute such a possession as would maintain ejectment, unless those acts were closely followed up by other and continuous acts of ownership. In this case, the defendants are attempting to hold upon the mere act of placing posts around the land in July, 1861, and the recording of a notice of their claim in June, 1862. To hold that these acts would be sufficient to enable the defendants to hold the premises against the plaintiff, who subsequently located, improved and occupied them, would be against authority and the best interests of the community.

The judgment below must be affirmed.