HENRY S. HAWXHURST AND FRANCIS SOMERS *v.*
    C. W. LANDER, E. C. CLARK, HENRY T. ALLEN,
    AND J. M. JOHNSON.

POSSESSION OF REAL ESTATE.—One in the actual possession of real estate may rely on his possession alone until the opposite party shows a better right.

POSSESSORY ACT OF 1852.—If there is a defect in the affidavit taken to claim land under the Possessory Act of the Legislature, passed in 1852, the defect cannot be cured by an affidavit subsequently taken under the same Act to correct the same. Such subsequent affidavit, if it amounts to anything, must be regarded as an original proceeding.

CLAIM UNDER POSSESSORY ACT AS AGAINST PRIOR POSSESSOR.—The survey of land, and making an affidavit and recording the same, in accordance with the Possessory Act of 1852, does not invest the claimant with the right to recover the possession of the land from one who was before then in the actual possession of it.

APPEAL from the District Court, Fifteenth Judicial District, Contra Costa County.

Plaintiff appealed from an order granting a new trial.

The affidavit made by appellant in 1860, under the Possessory Act, described the boundaries of a tract of land commencing at a given point, and running thence west forty chains, thence north forty chains, thence east forty chains, and thence south forty chains to the place of beginning. Appellant was residing on the land, and continued to reside there, and made valuable improvements on the same.

The affidavit made in 1863 changed the boundaries of the land so as to include the twenty-seven acres in controversy. Appellant never lived on this twenty-seven acres.

Appellant claimed that there were certain stakes and monuments marking the boundary of the land he intended to claim by the affidavit of 1860, but that by mistake the lines therein described did not follow the monuments, and that the affidavit of 1863 corrected the mistake.

The other facts are stated in the opinion of the Court.

*Selden S. Wright,* for Appellant.

*M. S. Chase,* for Respondent.

By the Court, CURREY, J.

Ejectment for a parcel of land in the coal district in Contra Costa County. The land in controversy consists of about twenty-seven acres. The plaintiff claims it by virtue of proceedings taken under the Act of the Legislature entitled "An Act prescribing the mode of maintaining and defending possessory actions on public lands in this State," passed in 1852. (Laws 1852, p. 158.) The cause was tried by the Court, a jury having been waived, and judgment was rendered for the plaintiffs, which was subsequently set aside, and a new trial granted. The Court is asked to reverse the order granting a new trial.

The defendants being in possession of the premises, demanded at the time this action was commenced, that possession must be presumed to have been rightful until overcome by evidence to the contrary. · In *Hill* v. *Draper*, 10 Barb. 458, the Court say : " The defendants in possession of disputed premises are presumed to have a valid title thereto, and the plaintiffs, to entitle themselves to recover, must overcome that presumption by proving title out of the defendants and in themselves. They must recover, if at all, on the strength of their own title, and not on the defects in that of their adversary. The possession of real estate is *prima facie* evidence of the highest estate in the property, to wit : a seizin in fee." It is a well settled doctrine that a party in the actual possession of real estate is in the first instance to be deemed to hold the same by title or in subordination to the title, in whomsoever it may be. Therefore it is not necessary to inquire by what right the defendants have and hold possession of the disputed premises, until it is ascertained whether the plaintiffs have a better right.

On the 13th of August, 1860, Hawxhurst, one of the plaintiffs, made an affidavit with the view of securing a possessory right to a certain piece of land therein described. The parcel of land described consisted of one hundred and sixty acres. This affidavit was filed with the Recorder of the county on the same day, and was recorded. On the 7th of March, 1863, Hawxhurst made another affidavit, having for its object the securing of a possessory right to public land under the Act of 1852, which purports to be in aid of his first affidavit and to enable him to comply with the provisions of the statute, and "to make a claim to the land" therein described, "if the former one did not." This affidavit was filed for record, and recorded in the Recorder's office of the county on the day of its date. The particular piece of land in controversy was not included by the description contained in the affidavit first made by Hawxhurst. The statute provides the mode by which a right under the statute to the possession of public land may be acquired, and if the right sought to be acquired fails because

of a substantial defect in the proceeding taken, we do not understand that the party himself can by a proceeding subsequent cure the defect. If the subsequent proceeding amounts to anything it must be as an original proceeding. So that, if Hawxhurst acquired any right to the land described in his second affidavit by the steps which he took in March, 1863, such right had its origin at that time. The plaintiff's counsel admit in argument that, upon the affidavit of March, 1863, the plaintiff's whole case rests. If the plaintiff's reliance is on this affidavit, he must be limited to its date, at least, as the commencement of his right under the statute.

From the evidence in the case it would seem that for some time before March, 1863, the defendants had been in possession of the particular premises in controversy, extracting from the same large quantities of coal, and were prosecuting the work of mining for coal when Hawxhurst made his second affidavit. It does not appear that at that time Hawxhurst was settled upon and occupying the land in controversy, or that he thereafter, before this action was commenced, occupied or was settled upon it "for the purpose of cultivating or grazing the the same," or for any other purpose. The mere making of an affidavit in conformity with the provisions of the statute, and procuring the same to be duly recorded, and causing the land described to be surveyed by the County Surveyor, would not invest the affiant with the right to recover the possession of the property, as against a person who was there, and before then, in the actual possession of it.

What may be the merits of plaintiffs' claim to the possession of the twenty-seven acres in controversy we do not undertake to say, because the question is not in a condition to be fully passed on by this Court; but we are clear that the plaintiffs cannot depend for the right which they claim, on the proceeding taken by Hawxhurst in August, 1860, under the Act of the Legislature already referred to, and also on the proceeding taken by him in March, 1863, under the same Act. Without passing directly upon the particular points which induced the

Court below to grant a new trial, we are satisfied the order appealed from should not be disturbed.

Order affirmed.

Mr. Chief Justice SANDERSON expressed no opinion.