[L. A. No. 2267. In Bank.—March 30, 1910.]

## J. H. EDGAR, Respondent, v. JAMES McNAIR, Appellant.

EJECTMENT — DESERT LAND — MISDESCRIPTION OF PROPERTY — PRIVATE SURVEY—GOVERNMENT TITLE NOT SHOWN—PRIORITY OF POSSESSION. —In an action of ejectment for desert land misdescribed in a private survey and certificate of purchase based· thereon as the south half of section 33 in a specified township and range, of which plaintiff never had possession, and which according to the correct government survey consisted of the same quantity of land situated partly in sections 34 and 35 of the same township and range, he takes no title thereto by his certificate of purchase, and is compelled to rely wholly on asserted priority of possession.

ID.—PREPARATION FOR RECLAMATION—PURCHASE OF WATER-RIGHT.— Evidence was admissible to show that plaintiff had made preparation to reclaim the land, and had purchased a water-right to be applied therein as the usual method of complying with the provisions of the Desert Land Act.

ID.—FINDING OF PRIOR POSSESSION IN PLAINTIFF AGAINST EVIDENCE— CONNECTION OF DEFENDANT WITH PRIOR POSSESSION.—A finding that plaintiff was entitled to reclaim the land as prior possessor thereof, is held to be against the evidence, which shows the defendant's title acquired from one who was the prior possessor of the land in controversy, nor was it shown that plaintiff was in actual possession of the land at any time within one year before defendant's entry under the prior possessor. Evidence that two years after the prior possession, plaintiff's brother did work for about a day and a half on a small part of the land is insufficient as against the defendant.

APPEAL from a judgment of the Superior Court of Imperial County and from an order denying a new trial. Franklin J. Cole, Judge.

The. facts are stated in the opinion of the court.

M. W. Conkling, for Appellant. ·

F. C. Farr, R. D. McPherrin, and D. S. Ewing, for Respondent.

THE COURT.—Plaintiff sued for possession of property in Imperial County described in the complaint as "the south half of section 33, township 15 south, range 15 east, S. B. M."

The complaint alleged his quiet, peaceable, and exclusive possession of the land for more than one year; defendant's wrongful entry and taking possession of the property on September 20, 1907; plaintiff's written demand for restoration of the premises and defendant's refusal to comply with it; and plaintiff's damage in the sum of one hundred and fifty dollars. The answer denies plaintiff's peaceable, or exclusive, or other possession, or that while plaintiff was occupying, or in possession of it, defendant entered upon said land or any part thereof, or took or held possession of it, or any part of it. Judgment was in favor of plaintiff and this appeal is from that judgment and from the order denying a motion for a new trial.

Plaintiff introduced in evidence a receipt showing that he had made a payment of eighty dollars to the land-office on August 21, 1905, for desert land, using the same description as that employed in the complaint. He testified that soon after receiving his certificate of entry from the land-office, he caused a small amount of clearing and leveling to be done upon the property, and made arrangements with his brother, a contractor, to prepare the entire tract for irrigation; that in November, 1906, he bought three hundred and twenty shares of water stock in Imperial Water Company No. 1 and had it applied to this tract. It was in evidence that locating water stock upon a tract of land claimed by a settler under the Desert Land Act was the usual method of complying with the requirement that one dollar per acre each year should be expended for the reclamation of the property.

Defendant's claim was based upon a purchase of the asserted interest of one Hollingsworth, who testified at the trial that he entered upon the land in October, 1904, did a small amount of work and in August of the following year performed labor worth eighty-five dollars. Mr. Hollingsworth also stated that he made application to the land-office for a desert location on the property, using the section number employed by the Bothwell survey, but that his application was rejected on the ground that the land was covered by a filing of one McKinney. From this decision he took an appeal which was still pending when he testified.

There is much learning displayed by counsel for both litigants in discussing the effect of the various surveys in Imperial

Valley and the *status* of claimants asserting rights to property described according to their lines. The Bothwell survey and that called the Imperial were private ones. Mr. Edgar used the former in getting the proper description, as he supposed, of his land. While it was asserted at the trial that the United States land-office recognized the Bothwell survey, there is nothing to indicate that Edgar explained to the registrar how he got his description. The land is described as the south half of section 33, township 15 south, range 15 east, S. B. M. This, of course, must mean the south half of that section as finally located by the approved official survey of the United States. One of the witnesses for defendant testified with reference to the property in dispute: "The land in question by Imperial Land Co. survey would be the northwest quarter of section 36, and the northeast quarter of 35; by the Henderson survey it would be the east half of the northeast quarter of 34 and the northwest quarter of 35 and the west half of the northeast quarter of 35, that is practically; I mean by the Henderson survey, the township survey recently made by United States Deputy Surveyor A. A. Henderson, the most recently approved government survey." It will thus be seen that by the Henderson survey—the only official admeasurement of that land—the property in dispute is part of sections 34 and 35. The respondent's certificate, therefore, purports to give him title to land of which he has never had or claimed possession, i. e., the land which the Henderson survey would describe as the south half of section 33, but the land which is the subject of this litigation is placed by the official and conclusive survey—that of Henderson—in parts of sections 34 and 35. Edgar, therefore, gains nothing as to this land by his certificate and has shown no title. He is forced to rely wholly on an asserted previous possession. The evidence is not sufficient to support a finding that Edgar had such possession of the land or that he held it when McNair entered upon the property. Nor is it shown that he was in possession at any time within one year before McNair entered. W. A. Edgar, respondent's brother, did some work upon a small part of the land in controversy in January, 1906. Some men and four teams were employed a little more than a day and a half at that work. It does not appear that any one was ever on the land at any other time on Edgar's behalf. Such a showing

was insufficient to support a claim of a possession previous to that of appellant.

The judgment and order are reversed and the cause remanded.

Beatty, C. J., does not participate in the foregoing.