[L. A. No. 3443.   In Bank.—November 22, 1915.]

## ETHEL HART, Respondent, v. J. W. COX, Appellant.

EJECTMENT—DESERT LAND—POSSESSION SUFFICIENT TO MAINTAIN ACTION—PROOF OF POSSESSION.—In an action of ejectment involving a parcel of desert land of the United States, where neither claimant relies upon a paper title, prior actual possession is sufficient to support the action, and an order refusing a new trial should not be reversed where the verdict that plaintiff was in possession was supported by evidence that she was proceeding to cultivate and subjugate in the usual and orderly manner the tract she had caused to be marked out, by making improvements at the highest point and extending them to the land adjacent thereto, and making preparations to extend the irrigated area in accordance with the usual course of husbandry in the locality.

ID.—"POSSESSORY ACT" OF 1852 NOT APPLICABLE.—The "Possessory Act" of 1852 (Stats. 1852, p. 158), relating to the constructive possession of quarter sections of land, does not apply to this case, in which actual possession is the issue.

ID.—INSTRUCTIONS—PRIOR POSSESSION.—In such action an instruction that prior actual possession was sufficient proof of ownership to entitle plaintiff to recover, unless defendant could account for such possession or show prior possession in himself, and that as between two parties neither of whom connects himself with the title of the United States, the first actual possessor is absolutely presumed to possess the legal title, is not objectionable because of the opportunity for the jury to conclude that any possession of plaintiff, however remote, would support a recovery for plaintiff, where the jury was instructed that it was to determine whether

plaintiff was in possession "at the time of defendant's entry" on the land.

ID.—PRIOR POSSESSION.—In the absence of any evidence of abandonment, prior possession at any time is sufficient to support a recovery in such action.

ID.—INSTRUCTIONS—EVIDENCE OF POSSESSION.—An instruction that the jury might take into consideration "the manner in which the owners of land of like character in the same vicinity commonly occupy and use such land," in determining whether the land was occupied and used for the purposes to which it was adapted, was properly given in this case.

ID.—EVIDENCE OF POSSESSION—ACTUAL OCCUPANCY—WORK ON ADJOINING LAND.—An instruction that plaintiff's possession is not dependent upon her actual presence on the property at the time of defendant's entry, and that the jury may take into consideration work done upon the adjoining property if they find that evidences of possession extended to the whole tract, is a correct statement of the law.

ID.—GENERAL PLAN OF IMPROVEMENT.—The acts and intentions of plaintiff are not to be measured according to the work done on any fragment or portion of the land which the defendant may select and claim, but must be viewed with reference to her general plan for improving the entire tract.

APPEAL from an order of the Superior Court of Imperial County, refusing a new trial. Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

Conkling & Brown, for Appellant.          –

Geo. H. P. Shaw, for Respondent.

MELVIN, J.—Appeal by the defendant from an order denying his motion for a new trial.

The property in question is desert land. Plaintiff sued in ejectment alleging that she was in possession from February 1, 1906, until about November 8, 1906, when she was ousted by defendant. The answer denied plaintiff's actual possession. Neither appellant nor respondent relied upon a paper title. Respondent based her claim upon prior actual possession, and the principal contention of defendant upon this appeal is that the evidence did not support the finding that Miss Hart was in actual possession of the demanded premises prior to his entry thereon. Plaintiff's claim is based upon

the assertion that the land in dispute (approximately 160 acres) is the west half of a larger tract containing about 320 acres to which she lays claim.

The evidence tends to show that prior to 1906 the entire tract of 320 acres was unoccupied desert land belonging to the United States. In November, 1905, Miss Hart posted notices upon the property showing that she claimed possession thereof. In late January or early February, 1906, she caused a disk harrow to be run around the entire tract, thus marking the exterior boundary thereof. Almost immediately thereafter she caused the southeast eighty acres (not upon the tract immediately in dispute) to be prepared, planted to barley and irrigated. The southeast corner is shown by the evidence to be the highest point on the tract of 320 acres, and respondent and others testified that the work of reclamation in that county is usually inaugurated at or near the highest point of any given subdivision, so that the water may be most conveniently distributed. A ditch was constructed along the east line of the eighty acres and connected with the system of Imperial Water Co. No. 5, in which respondent owned eighty shares of stock. In July and August, 1906, this tract was fenced and the partly grown barley was fed to hogs. Before appellant entered upon the west half of the property respondent had caused furrows to be run along the entire east line of the land in dispute in preparation for the construction of a ditch, which, according to the testimony could only be used in the irrigation of the land which is the subject of this action. At the same time of the reclamation and sowing of the southeast eighty acres, a tract of about five acres of the land in dispute was sowed to barley and irrigated. Some five days prior to defendant's entry upon the premises, three furrow lines were run on the southerly part of the land here involved and another a little north of its center line. These cut the land from east to west. At the same time a furrow was made along the western border in preparation for an intended levee. Other work of setting stakes and laying out lines for future irrigation had been done before the defendant moved from a tract of land about three miles distant and established his tent-house near the northeast corner of the land which he now claims. It was in testimony that respondent and her agents ceased to prosecute the work on this land about November 3, 1906, because they were obliged to attend

to the irrigation of other property, but that they had never intended to abandon the land. Appellant insists that all of this testimony fails utterly to show that *possessio pedis* necessary to establish the right of the settler to maintain such an action as this.

Where neither claimant relies upon a paper title, prior actual possession is sufficient to support an action in ejectment. (*Nagle* v. *Macy*, 9 Cal. 427; *Potter* v. *Knowles*, 5 Cal. 88; *Hawxhurst* v. *Lander*, 28 Cal. 331; *Coryell* v. *Cain*, 16 Cal. 573; *Hubbard* v. *Barry*, 21 Cal. 325.)

Undoubtedly actual possession may only be established by assertion of title accompanied by acts of ownership which proclaim to the world that right to the very land over which dominion is sought to be exercised is claimed. There must be a subjection of the land to the will and control of the settler as contra-distinguished from mere assertion of title and the exercise of casual acts of ownership. (*Plume* v. *Seward*, 4 Cal. 94, 97, [60 Am. Dec. 599]; *Murphy* v. *Wallingford*, 6 Cal. 648.) Such possession "must be evidenced by occupation or cultivation or other appropriate use, according to the locality and character of the particular premises." (*Wolf* v. *Baldwin*, 19 Cal. 313.) In determining the sufficiency of acts to constitute possession of a given piece of real property, the courts have taken into consideration the character of the land, its locality, and the customs of the community. No particular period of possession need be shown. If, in this case, respondent was in possession of the land for any time, however short, that was sufficient, providing, of course, such possession was not surrendered. (*Highland Park Oil Co.* v. *Western etc. Co.*, 1 Cal. App. 340, [82 Pac. 228].) Nor is living upon the premises an indispensable requisite to possession. (*Gray* v. *Collins*, 42 Cal. 157; *Wilson* v. *Shackelford*, 41 Cal. 630; *Shelby* v. *Houston*, 38 Cal. 410, 423; *Bradley* v. *West*, 60 Mo. 59.) Cultivation is not absolutely necessary. (*Gray* v. *Collins*, 42 Cal. 157.) And actual possession of land may be had without fences or inclosures. It is sufficient if the land is occupied and used in the same manner that owners of land of like character in that vicinity usually occupy and exercise dominion over their property. (*Giddings* v. *'76 Land and Water Co.*, 83 Cal. 99, [23 Pac. 196]; *McCreery* v. *Everding*, 44 Cal. 250; *Sheldon* v. *Mull*, 67 Cal. 299, 301, [7 Pac. 710].)

Having in mind these rules, we cannot say that the court and jury erroneously decided that the plaintiff was entitled to possession of the land in dispute. True, plaintiff did not establish the fact that she had actually placed improvements upon every acre of the land comprising the 320 acres which she claimed. But she was proceeding in the usual and orderly manner to subjugate and cultivate the tract which she had caused to be marked out. It is true, as appellant asserts, that cultivation of a few acres and work upon a small por-tion of the land would not establish actual possession of the whole tract; but the evidence sufficiently shows that plaintiff had entered upon the property and was taking the usual means of improving it. She had exercised frequent acts of ownership in the parts not cultivated, all of which gave notoriety to her possession. (*Jackson* v. *Woodruff,* 1 Cow. (N. Y.) 286, [13 Am. Dec. 525].) The process of improvement extending from the highest point on the tract to the land immediately adjacent and the preparations to extend the area to be subject to irrigation were in accordance with the usual course of husbandry in the locality, and were sufficient to establish plaintiff's superior right to the land. (*Webber* v. *Clarke,* 74 Cal. 18, [15 Pac. 431].) By her acts Miss Hart proclaimed to the public that she asserted exclusive ownership over the land, and the acts performed by her were in harmony with her claim of title. (*Brumagim* v. *Bradshaw,* 39 Cal. 46.)

In other jurisdictions it has been held that the marking out of the boundaries of a piece of land coupled with the planting of crops and the placing of improvements upon parts of it are sufficient evidences of possession. (*Hinniger* v. *Trax,* 67 Mo. App. 521, 526; *Langworthy* v. *Myers,* 4 Iowa, 18; *Bradley* v. *West Co.,* 60 Mo. 59.)

Appellant cites *Garrison* v. *Sampson,* 15 Cal. 93, as conclusive of this controversy in his favor. He is in error. It was merely held in that case, and very properly, that where a man enters upon public land and builds or occupies a house or corral on a small part of it, he is not thereby given right to possession of a whole subdivision even as against one who enters without title. In that case there was no evidence that the claimant had indicated, by physical marks, the land to which he asserted title, and no proof of preparations to bring all of the subdivision under cultivation. Of *Garrison* v.

*Sampson,* 15 Cal. 93, *Edgar* v. *McNair,* 157 Cal. 494, [108 Pac. 306], and the other cases cited in this behalf by appellant, it may be said that their facts are altogether different from those disclosed by the record before us.

The "Possessory Act" of 1852 (Stats. 1852, p. 158) does not apply to this case. That act had reference to constructive possession of quarter sections of land. In this case the question presented to us is one relating to *actual* possession.

Appellant attacks certain instructions which were given to the jury. The jurors were told that prior actual possession of the plaintiff was sufficient evidence of title to prove ownership and to entitle plaintiff to recover unless defendant could account for such possession or show prior possession or title in himself. The jurors were also instructed that as between two parties neither of whom connects himself with the title of the government, "the first actual possessor is absolutely presumed to possess the legal title." Appellant insists that under these instructions the jurors would naturally conclude that any possession, no matter at how remote a period, would be sufficient to substantiate plaintiff's claim. But in the absence of any evidence of abandonment, prior possession at any time is sufficient. (1 Cyc. 6–8; *Bell* v. *Bed Rock etc. Co.,* 36 Cal. 217.) Lapse of time is not usually sufficient of itself to prove abandonment, and leaving land with a *bona fide* intention of returning is not abandonment. We must read the instructions as a whole, and we find that the jurors were told that a part of their duty was to determine whether or not plaintiff was "at the time of defendant's entry" in possession of the land. Prior possession of this sort is absolute, as between the two claimants, neither one of whom has the legal title. (*Coryell* v. *Cain,* 16 Cal. 573.)

By another instruction the jurors were told that in determining whether the land was occupied and used for the purposes to which it was adapted, they might take into consideration "the manner in which the owners of land of like character in the same vicinity commonly occupy and use such land." Appellant says that this rule applies only to a case in which a claimant enters under color of title, such as a desert land entry. Such a claimant, according to appellant, may show that, under the custom of the vicinage, use of a part of the tract to which he has color of title is equivalent to possession of the whole of it. We see no reason why the rule

CLXXI Cal.—24

announced by the instruction should not apply to the adjudication of the conflicting claims of these litigants. The instruction is sanctioned by such cases as *Giddings* v. *'76 Land and Water Co.*, 83 Cal. 99, [23 Pac. 196].

We have examined the other instructions to which defendant takes exception and find no material error. We do not think it necessary to analyze them in detail. The two features of the instructions to which defendant most emphatically objects are the statements that plaintiff's possession did not depend upon her actual presence on the property at the time of defendant's entry, and that the jurors might take into consideration work done upon the adjoining property if they found that evidences of possession extended to the whole tract of 320 acres. Both statements were correct declarations of the law. The first is supported by the authorities cited above. The second needs no support except the logic of the situation, yet there is abundant authority for it. The acts and intentions of the plaintiff are not to be measured according to the work done on any fragment or portion of the land which the defendant may select and claim, but must be viewed with reference to her general plan for improving the entire tract. A number of the cases cited in this opinion uphold this view, notably *Webber* v. *Clarke*, 74 Cal. 18, [15 Pac. 431], and *Jackson* v. *Woodruff*, 1 Cow. (N. Y.) 286, [13 Am. Dec. 525].

No other alleged errors require special comment.

The order from which defendant appeals is affirmed.

Shaw, J., Sloss, J., Henshaw, J., Lawlor, J., and Angellotti, C. J., concurred.