## COX v. HART.

(Circuit Court of Appeals, Ninth Circuit. January 3, 1921. Rehearing Denied February 14, 1921.)

No. 3526.

1. **Public lands ☞41—Evidence establishes taking possession and attempt to reclaim desert land.**

Where a settler plowed a furrow around desert land and cultivated part of it, but did not reside on the land, she was entitled to a preferential right of entry under Act March 28, 1908 (Comp. St. §§ 4681-4683), giving such preferences to persons who had taken possession of unsurveyed desert land and had reclaimed, or had in good faith commenced the work of reclaiming, the same.

2. **Public lands ☞37—Residence on desert land not required.**

The Desert Land Acts do not require residence on the land; the principal essentials being that the claimant shall file a plat showing the contemplated irrigation, expend a prescribed amount for such irrigation, and cultivate one-eighth of the land.

3. **Public lands ☞28—Resurveyed lands considered unsurveyed for purpose of preferential entry.**

Under Act July 1, 1902, providing for resurvey of certain lands which had been previously surveyed, a person taking possession between the two surveys is entitled to the preferential right of entry conferred by Act March 28, 1908 (Comp. St. §§ 4681-4683), on persons who had, prior

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
[2] Comp. St. §§ 9631, 9654.

to survey, taken possession of unsurveyed desert lands, since the act authorizing a resurvey was a legislative declaration that the lands were to be regarded as unsurveyed.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

Suit by Ethel Hart against Joseph W. Cox. Decree for plaintiff, and defendant appeals. Affirmed.

Appeal is taken from a decree whereby it was adjudged that the appellant herein held title in trust for the appellee to 160 acres of land. The land is situated in the Imperial Valley, in San Diego county, Cal., the lands whereof were originally surveyed in 1856. Settlement did not begin until nearly half a century later. It was then found that the marks of the survey had so far been obliterated that it was practically impossible to locate the lines thereof. On July 1, 1902, Congress passed an act (32 Stat. 728) providing for the resurvey of lands in the Imperial Valley, but that survey was not completed until February, 1909. In the meantime entries upon the land under the public land laws were permitted. In February, 1906, the appellee caused a furrow to be plowed around 320 acres, the west 160 acres of which is the land in controversy in the present suit. She posted notices of her claim. In 1906 she raised a crop on 80 acres of the east half of her claim, and sowed grain on 4 or 5 acres of the west half. On that half she plowed furrows for a ditch, and in November, 1906, set stakes for marking out a head ditch along the east line of the land in controversy, and marked out lines for borders thereof and plowed furrows for a ditch on the south line thereof. On November 8, 1906, the appellant moved a tent house onto the northeast corner of the tract in controversy, and laid claim to that 160 acres. He saw the furrows which had been plowed on that land, and he was notified of the appellee's claim thereto. He lived on the land until March, 1909, when he was ejected therefrom as the result of a suit brought by the appellee in the state court.

In July, 1907, the appellant made application for the land in controversy, describing it by metes and bounds. His application was rejected, on account of defective description. Thirteen days later the appellee made an application for the 320 acres which she claimed, and her application was likewise rejected. After the completion of the resurvey, the appellant on March 1, 1909, renewed his application, and on May 15, 1909, the appellee renewed her application; both applications describing the lands in the terms of the resurvey. On a hearing in the local land office decision was rendered in favor of the appellant, and upon appeal to the Commissioner of the General Land Office the decision was reversed, but upon appeal to the Secretary the final decision was in favor of the appellant. The court below, upon the pleadings and proof, reached the conclusion that the Commissioner of the General Land Office was correct in his conclusion, and entered a decree for the appellee.

M. W. Conkling, of El Centro, Cal., for appellant.

George H. P. Shaw, E. W. Britt, and Wm. J. Hunsaker, all of Los Angeles, Cal., for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). Decision of the controversy on the merits, both in the land office and in the court below, turned on the question whether or not the appellee was entitled to the preference right conferred by the act of Congress of March 28, 1908 (Comp. St. § 4681), which provides that entries under the Desert Land Acts—

"shall be restricted to surveyed public lands of the character contemplated by said acts, and no * * * entries of unsurveyed lands shall be allowed or made of record: Provided, however, that any individual qualified to make entry of desert lands under said acts who has, prior to survey, taken possession of the tract of unsurveyed desert land not exceeding in area 320 acres in compact form, and has reclaimed or has in good faith commenced the work of reclaiming the same, shall have the preference right to make entry of such tract under said acts, in conformity with the public land surveys, within ninety days after the filing of the approved plat of survey in the district land office."

In the proceedings in the land office it was found that the appellee was prior in possession and had in good faith commenced the work of reclaiming the land in controversy, but her preference right to make entry was finally denied by the Assistant Secretary on the ground that the lands were not unsurveyed lands, but were in fact surveyed lands under the survey of 1856, and that the act of March 28, 1908, had no application whatever thereto, and that the appellant was first in right by reason of being the first to file proper application pending the resurvey, and the first to file application after the filing of the resurvey plat.

[1, 2] The appellant contends that the appellee was not a settler on the land in controversy, and that the acts which she performed, thereon gave her no right thereto at the time when he made his residence thereon and filed his first application, and that the filing of that application on July 17, 1907, was the first act of any one to create a right to the land. But the land was not then vacant and unoccupied. In the Land Department it was found that the appellee in 1906 in good faith commenced the work of reclaiming the land in dispute before the entrance of the appellant thereon. In the case of Hart v. Cox, 171 Cal. 364, 153 Pac. 391, it was adjudged that the appellee's acts in posting notice, running furrows around the entire tract, cultivating tracts both upon the east half and the west half of her claim, constructing ditches, instituting irrigation, setting stakes, and in laying out lines for future irrigation, were sufficient to prove possessio pedis upon the whole tract whereupon to maintain ejectment, and the court held, in view of those facts, that it was unnecessary that she should have placed improvements upon every acre of the tract; that she had entered upon the land and was adopting the usual means of improving it.

The Desert Land Acts (19 Stat. 377; 26 Stat. 109 [Comp. St. §§ 5029–5035]) do not require residence on the land. The principal requirements are that the claimant shall file a plat showing the mode of contemplated irrigation and shall expend a prescribed amount per acre in making permanent provision for such irrigation, and in addition thereto shall cultivate one-eighth of the land. In the Case of Virgil Patterson, 40 L. D. 264, it was held that the possession and improvement contemplated by the act of March 28, 1908—

"are not such as are required of a settler under the homestead law, but it is sufficient under that act if the possession and improvement conform to the requirements of the Desert Land Law and evidence the party's good faith under that law."

[3] We are of the opinion that the court below properly held that at the time when the claims of the parties hereto were initiated the land was unsurveyed land, and that the act of March 28, 1908, was applicable thereto and conferred a preference right upon the appellee. The act of 1902 authorizing a resurvey was a legislative declaration that the lands were to be regarded as unsurveyed lands, that a new survey was to be substituted for the old, and that by the new survey the future disposition of the lands was to be regulated. By a proviso in that act protection was afforded as to then existing claims of occupants. The inference follows that as to all whose rights were initiated thereafter, the resurvey was intended to be controlling. This was the construction placed upon the act by the Land Department. By an order of the Commissioner of the Land Office of March 31, 1906, all entries in Imperial Valley were suspended after that date. About a year later the Commissioner directed that the order of suspension of said lands from entry be modified, so as to permit "the desert land entry thereof the same as though the lands were unsurveyed." In Nichols v. McCullom, 169 Cal. 611, 614, 147 Pac. 271, 273 (L. R. A. 1915F, 638), the court said:

"The public lands are under the exclusive control of Congress, until title or a right to acquire title has, pursuant to some law, vested in some person or body corporate other than the United States. A person who claims no right in such public lands certainly cannot object to the act of Congress in abandoning a survey already made, and substituting another in its place."

The decree is affirmed.