THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN ESTRADA PRADO, Defendant and Appellant.

No. 6478. Argued June 9, 1937.—Decided June 24, 1937.

*Faustino R. Aponte* for appellant. *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

A prosecution was begun against Juan Estrada Prado for manslaughter. On October 21, 1935, the defendant was arraigned and the information was read to him. He then requested some time within which to answer the information and the court granted him until October 25th to do so. On the 23rd of October, 1935, the defendant filed a motion for a bill of particulars. The motion was heard by the court on November 1, 1935, and taken under advisement. Without a formal disposition of this motion, the case was set for trial and finally heard, with the personal appearance of defendant and his counsel on June 1, 1936. The record does not disclose that any direct disposition was ever made of the motion for a bill of particulars; nor that the defendant at any time asked for a specific decision. Under such circumstances, as the case went on for trial, it may be assumed or

presumed that the court·overruled the motion for a bill of particulars. The case was evidently tried on the original information.

■ A verdict of conviction was rendered against defendant and then his counsel moved for an arrest of judgment, because the defendant had never' entered a formal plea in response to the information, nor in any other way had joined issue on the charge against him. The court denied the motion.

As a general rule in a criminal case, where defendant relies on the general issue of not guilty, seldom if ever is there any written plea filed. What happens is that the defendant or his counsel says "not guilty," and the corresponding plea is entered by the clerk. Similarly when the defendant stands mute.

Therefore, it is not a far cry for the court to consider that issue has been joined when a defendant goes on' to trial, cross-examines witnesses, and presents his own defense.

[3, 4] Error is assigned on the failure of the court to grant the motion in arrest of judgment and the prosecuting attorney (*Fiscal*) of this court agrees that there was error. The parties cite various cases to support this viewpoint, such as *People* v. *Corbett,* 28 Cal. 331; *People* v. *Monaghan,* 102 Cal. 229; *Parkinson* v. *People,* 10 L.R.A. 91.

To this list might have been added the case of *Crain* v. *U. S.,* 162 U. S. 625. The majority opinion is very strongly in favor of the position taken by said prosecuting attorney. Mr. Justice Peckham filed a dissent where, among other things, he said:

". . . . At a certain per'od of English history, when an accused person had no right to be represented by counsel, and when the punishments for crimes were so severe as to shock the sense of justice of many judges who administered the criminal law, it was natural that technical objections which, perhaps, alone stood between the criminal and the enforcement of a most severe, if not cruel, penalty, should be accorded great weight, and that forms and modes of procedure, having really no connection with the merits of a particular case,

794

should be insisted upon as a sort of bulwark of defence against prosecutions which might otherwise be successful, and which at the same time ought not to succeed. These times have passed and the reasons for the strict and slavish adherence to mere form have passed with them.

＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊

"Suppose, however, the defendant through mere inadvertence had not been formally arraigned at the bar, and had not in terms pleaded, but that he was placed on trial without objection on his part, and both sides treated the case as if he had been arraigned and pleaded not guilty, could it be plausibly contended that, nevertheless, a fatal error had been committed by a neglect of this form, and that a judgment of convict'on must on that account be reversed? Is it possible that for the first time a defendant can in this court successfully raise this formal objection, and under circumstances showing a waiver of the rule, and yet obta'n a reversal of the judgment on that ground alone? To my mind the mere statement of these questions furnishes their conclusive answer. Some cases may hold the necessity of a formal plea and that the conduct of a defendant in go'ng to trial without any objection, and as if a plea of not guilty had been entered, did not waive the necessity of such a plea. Those cases are not based on principles which, in my judgment, ought now to be followed.

"Here the defendant could not have been injured by an inadvertence of that nature. He ought to be held to have waived that which under the circumstances would have been a wholly unimportant formality. A waiver ought to be conclusively implied where the parties had proceeded as if defendant had been duly arraigned, and a formal plea of not guilty had been interposed, and where there was no objection made on account of its absence until, as in this case, the record was brought to this court for review. It would be inconsistent with the due administration of justice to permit a defendant under such circumstances to lie by, say noth'ng as to such an objection, and then for the first time urge it in this court."

A similar case came before the Supreme Court of the United States in *Garland* v. *Washington*, 232 U. S. 642, and the decision in *Crain* v. *U. S.*, *supra*, was directly overruled. The facts in that case were more closely allied to the present one and the court cited, with approval, parts of the dissenting opinion of Mr. Justice Peckham in the *Crain* case, *supra*.

The general jurisprudence today is that a defendant may waive an arraignment or plea. 16 C. J. 391, par. 720; Annotated Cases, 1917 D 829, 832; see also Rose's Notes to U.S. Reports, 1932 Supp., vol. 8, p. 202 *et seq.*

We have little to add to the reasoning of the Supreme Court of the United States, except perhaps to say, that in this case the appellant was represented by counsel, had the opportunity to defend and to be confronted with the witnesses against him.

Moreover, the defendant did put in a motion for a bill of particulars. We do not find that a "bill of particulars" has been given any definite classification as a pleading. Whatever position we might assume the fact remains that appellant did not insist upon a decision on his motion for a bill of particulars, did not ask for an opportunity to plead, and hence must be held to have waived his right to do so.

We have made a thorough examination of the California jurisprudence and we do not find that the earlier cases, cited by the prosecuting attorney, have been overruled. While our statute is indirectly taken from that of California, we do not feel bound to follow its judicial interpretation especially in view of the case of *Garland* v. *Washington, supra.*

We find no error.

■ The next assignment of error refers to the admission of a certain document by the trial court. It seems the defendant's counsel himself requested the introduction of the document. We find no prejudicial error in its admission, given all the circumstances that surrounded its introduction and the qualification made by the court in its instructions.

■ The occasion for the third assignment of error arose from the following incident. The defense was about to close its case and offered in evidence the record of a criminal prosecution for assault with intent to commit murder which once had been brought against the deceased. After some

argument by counsel, the court sustained the objection to the introduction of the profferred evidence, saying:

"The court sustains the objection, but not upon the grounds suggested, but because in its opinion this evidence cannot be introduced at the present stage of the proceeding. It is first necessary to establish certain requirements not as yet established in this case."

And further:

"Defense: Exception, in fact I shall not even present the testimony of the defendant, I waive the testimony of the defendant and rely exclusively on this question.

"Prosecution: Then the district attorney reserves his right to comment upon this silence of the defendant after the statements made by your Honor.

"Defense: I take exception to the district attorney's words.

"Judge: Has the defense closed its case?

"Defense: We have definitely closed.

"Judge: The court is ready to hear the opening statement of the district attorney, if he has no evidence in rebuttal.

"Prosecution: No. sir, I have not, inasmuch as the situation which I expected has not arisen.

"Defense: If the district attorney does not wish to address (the jury) neither shall we.

"Prosecution: Shall we agree to submit this case to the jury without argument?

"Defense: If you suggest it, I am willing.

"Judge: Then the parties agree to submit the case without argument.

"Defense: All right."

The specific assignment reads:

"Third error: The District Court of Humacao erred when it permitted the Fiscal to comment upon the silence of the defendant because the latter failed to testify."

In a number of jurisdictions statutes have been passed which forbid any presumption against a criminal defendant for his failure to take the stand. (See 16 C. J. 901, note 35). We infer that in these same jurisdictions the absence of the statutes would permit comment to be made. In Puerto Rico

we have such a statute, at least in proceedings before a magistrate. Section 29 of the Code of Criminal Procedure (1935 ed.) reads in part as follows:

"Section 29.—After having heard the charge, if the defendant plead 'not guilty' the justice shall proceed as follows:

" *     *     *     *     *     *     *

Second. He shall examine under oath the wintesses· for the defendant, including the defendant himself if he wishes to testify; if the defendant does not testify that fact can not be used against him.

" *     *     *     *     *     *     * "

A provision of our Organic Act however says, "That no person . . . shall be compelled in any criminal case to be a witness against himself." Section 2, subdivision 3 of the Organic Act. The same provision is to be found in section 7 of our Code of Criminal Procedure.

Literally, the remarks of the district attorney, were directed to the court by reason of what the defendant's counsel said, who, perhaps to impress the jury, stated that he waived the benefit of the defendant's testimony. The defendant did not attempt to make specific his objections to the remarks of the district attorney and, if he had, the court might have made an immediate correction.

Examining the record we find the following instructions:

"By a principle of law, a defendant may or may not testify, at his option. In this case the defendant has not testified and the gentlemen of the jury should not, in any way, consider that silence when they are about to decide on the verdict."

Our conclusion is that the error, if any, was harmless and, in the absence of a petition for enlargement, was cured.

■■■ The last error assigned is with regard to the correctness of the following instruction:

"In criminal cases the law presumes the defendant innocent, until the contrary is proved in a satisfactory manner and through competent evidence, and it is a rule of law that his guilt must be

completely proven. This presumption of innocence accompanies the defendant throughout the trial and the jury should keep it in mind when deliberating.''

The appellant contends that such an instruction could have misled the laymen of the jury to believe that the presumption of innocence did not follow the defendant into the jury room. We fail to see any real danger of such a misinterpretation. A trial covers everything up to the rendering of the verdict.

The judgment appealed from should be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.